BRYCE GRAY and Others, Appellants, v. MAIER. ROTHSCHILD, CHARLES M. ROTHSCHILD, JACOB. M. ROTHSCHILD and ABRAHAM ROTHSCHILD,. Respondents.

*Complaint charging a conspiracy to purchase goods on credit and defraud the vendors— misjoinder of parties plaintiff and of causes of action.*

The plaintiffs, composing seven different firms, who had respectively sold goods at different times to the defendants Charles M. Rothschild and Jacob M. Rothschild, brought a joint action against the purchasers of the goods, together with the two other defendants above named, to recover damages, on the ground that the goods. had been obtained by means of false and fraudulent representations, and that the. purchasers, together with the two other defendants, had entered into a conspiracy under which these goods and others were to be purchased on credit, and the vendors were to be defrauded out of the purchase-prices by the removal and. secretion of the goods, and that this conspiracy had been carried into execution. The defendants having demurred to the complaint, on the ground of a misjoinder of plaintiffs; that causes of action had been improperly united, and that the. complaint did not state facts sufficient to constitute a cause of action, the trial court sustained the demurrer on the two first mentioned grounds.

*Held,* no error; that such an action was not authorized by section 446 of the Code of Civil Procedure, as there was no joint subject of action, nor could any joint judgment be recovered in the action under the authority of that section; but. each of the firms had a separate and distinct cause of action against the defendants, upon which, as to each, in case of a recovery, a separate judgment would necessarily have to be entered, the subject of the action being the recovery of the damages sustained by each one of the firms in the sale of its own goods.

That this case did not come within the principle of the cases which have arisen in courts of equity, where actions have been maintained by persons severally interested in the subject-matter of the action, affecting all alike, as courts of equity allow separate plaintiffs having separate interests to join in an action for relief only where a common object is to be secured by the prosecution of the action.

That no application having been made to the trial court for the dismissal of this. action, as to all of the plaintiffs except one of the firms, and allowing it to be. continued as to such one, that it was too late, upon this appeal, to make such an application.

APPEAL from an order vacating an order of arrest, and from an order and interlocutory judgment sustaining a demurrer to the plaintiffs' complaint.

*Henry L. Landorn,* for the appellants.

*Horwitz & Hershfield* and *Wales F. Severance,* for the respondents.

DANIELS, J. :

The plaintiffs consist of seven different firms, who sold goods, at different times, to the defendants, Charles M. Rothschild and Jacob M. Rothschild, who were copartners, carrying on business in the city of New York under the name of Charles M. Rothschild & Co. It was alleged, in support of their right to maintain a joint action against the purchasers of the goods, together with Jacob M. Rothschild and Abraham Rothschild, that the goods had been obtained by means of false representations, and that the purchasers, together with the two other defendants, had entered into a conspiracy under which these goods, and others, were to be purchased on credit, and the firm of Charles M. Rothschild & Co. were to defraud the vendors out of the purchase-prices by removing, secreting and disposing of the goods, and that this conspiracy had been carried into execution. The action was not for the recovery of the goods themselves, or a rescission of the sales made, but for the recovery of damages amounting to the aggregate sum owing to the several firms, joined as plaintiffs, for the sale of their goods and merchandise. The defendants demurred to the complaint, alleging in support of the demurrer, a misjoinder of plaintiffs; that causes of action had been improperly united, and that the complaint did not state facts sufficient to constitute a cause of action. And the court, at the trial, sustained the demurrer on the ground of a misjoinder of parties, and that several causes of action were improperly united in the complaint.

The accuracy of this decision has been resisted by the plaintiffs, chiefly under the authority of section 446 of the Code of Civil Procedure. This section has provided that all persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, subject to exceptions not required now to be noticed. But this section of the Code does not support the case, as the plaintiffs disclose it by their complaint, for each one of the firms in selling their goods, if the facts have been correctly set forth in the complaint, is entitled to maintain a separate action for damages against the purchasers and the two other persons implicated in the conspiracy, and that is all the relief, as the facts have been presented, which either one of the firms would be entitled to obtain. There is no joint subject of action in this case, neither

can any joint judgment be recovered in the action under the authority of this section, but each one of the firms have a separate and distinct cause of action against the defendants, upon which, in case of a recovery, a separate judgment would necessarily be entered. The subject of the action is the recovery of the damages sustained by each one of the firms in the sale of their own goods. Each sale was distinct from all the others, and made upon fraudulent representations inducing such sale. There was no concurrent or joint action by the several firms, whose members have been joined as plaintiffs, in the sales of their respective goods, but each firm proceeded and transacted the business for itself. And for the value or price of its goods, if the facts are truthfully alleged in the complaint, each firm is entitled to a separate and distinct recovery. And no facts are alleged in the case in any form which would secure to the plaintiffs joint relief by way of a joint judgment. The case, by no construction which can be placed upon this section of the Code, is in such a condition as to be maintained by these several firms as the plaintiffs in one action, and no other provision of the Code has gone so far as to permit separate actions for damages to be prosecuted and sustained in this form.

Authorities have been assiduously collected and cited which are relied upon as sustaining so broad a rule of practice, as to permit this action to be sustained in its present form in behalf of all these different firms. They are cases which have arisen in courts of equity allowing actions to be maintained by persons severally interested in the subject-matter of the action and affecting all alike. In that class of cases an action is allowed to be maintained by all parties interested, in obtaining the same relief, but they have no application to this action, for these different firms are not entitled to any joint, or final relief, by way of a single judgment; what they are entitled to, if they can maintain their actions at all, is the damages which each firm has sustained by means of the sale of its own goods induced by fraudulent representations made to it. There is no joint subject-matter to be either set aside or maintained, as there was in the cases cited on the argument, and no joint Interest in the action. It is not proposed either to set aside or restrain the effect or progress of the alleged conspiracy, but all that is proposed is the recovery of damages to be apportioned to the

goods sold by each one of these distinct and separate firms. The general principle so far as it has been extended by courts of equity allows separate plaintiffs having separate interests to join in an action for relief only where a common object is to be secured by the prosecution of the action. When that is not the case persons having distinct and independent claims against the defendant cannot join in a suit for the separate relief of each. This was held in *Murray* v. *Hay* (1 Barb. Ch. 59, 62). And the same principle was acknowledged in *Ballou* v. *Inhabitants of Hopkinton* (4 Gray, 324), where it was declared by the court that, if damages were claimed, each party must prosecute his suit separately. And no broader rule was either intimated or sanctioned in *Cadigan* v. *Brown* (120 Mass., 493). In *Marselis* v. *Morris Canal Company* (1 Saxton N. J. Ch., 31), these principles were very fully considered, and the court concluded that the authorities permitted no greater extension of the rule than has already been mentioned. In *Ireland* v. *City of Rochester* (51 Barb., 415) ; *Schofield* v. *City of Lansing* (17 Mich., 437), and *Kennedy* v. *City of Troy* (14 Hun, 308), the actions were for relief affecting a subject-matter in which all the plaintiffs were interested in obtaining a single preventive judgment. And to avoid a multiplicity of suits, as but one object was to be attained, they were allowed to join in securing the relief necessary for the protection of their several interests. The subject-matter was entirely distinct and separate from such an action as this, in which only damages are claimed by each of the firms. In *Smith* v. *Schulting* (14 Hun, 52), the complaint was sustained against a demurrer upon the ground that it was to be inferred, not only that the plaintiffs were severally entitled to the same common relief against the same instrument, but that the release itself had been obtained from them by joint false representations. And there the suit was maintained only so far as to avoid the release. And in *Loomis* v. *Brown* (16 Barb., 325), the undertaking on which the action was brought had been jointly entered into with, and for the benefit of, the persons who had joined as plaintiffs in the action. While in *Brinkerhoff* v. *Brown* (6 Johns. Ch., 139), the decision proceeded no farther than to permit several-judgment creditors who were alike interested in setting aside a fraudulent disposition of property by their common debtor, to join in an action for that

relief. The case is entirely distinguishable from the present suit, for the reason already mentioned that damages only are what these different firms claim to recover, and those damages are strictly limited to their own separate transactions.

The case of *Goodnight* v. *Goar* (30 Ind., 418) is an authority directly against the plaintiffs' action, for there it was held that a joint action on an agreement by several persons to pay a proportionate part of what either should pay for a substitute, in case either should be drafted, could not be maintained. But that the suit for contribution must be maintained against each person separately who had bound himself by the agreement. The case of *Wood* v. *Perry* (1 Barb., 114), is likewise opposed to the right of the plaintiffs to maintain this action jointly and so is that of *Emery* v. *Erskine* (66 Barb., 9), and, also, *Howell* v. *City of Buffalo* (2 Abb. Ct. of App. 412). This decision has been assailed by the counsel for the plaintiffs as erroneously made, but it has the support of the general principle already mentioned, observed and enforced in courts of equity, that persons having distinct and independent claims to relief cannot, unless the case is a peculiar one, join in the prosecution of one action. There the property of the several plaintiffs had been sold for the non-payment of separate amounts assessed for an improvement. The object of the action was to restrain the execution and delivery by the city of certificates of sale, upon the allegation that the assessments were unlawful. The certificates when issued would affect only the property of each different owner. They would have no joint effect upon any of the property. And it was held by the court, chiefly for that reason, that the action could not be maintained, each plaintiff having only a separate and distinct right of action for relief in which the others were in no manner interested or identified. In all the cases containing any reference whatever to separate and distinct claims for damages, the decisions have been guarded by the conclusion previously stated, that a joint action by several and distinct parties claiming several and distinct damages, cannot be maintained. Any other rule would be attended with so much perplexity, intricacy and confusion at the trial, as to render the jury before which the action must necessarily be tried next to incapable of deciding and disposing of it. If this action could proceed to trial seven different causes of action would be presented for the hearing

and decision of the jury, and it would be extremely difficult for them to carry in their minds anything like an intelligent recollection of the evidence given, affecting so many different rights of action. A rule allowing several and distinct firms to join in the prosecution of one suit for damages would not only be attended with the greatest embarrassment, but would result in probable injustice to one or more of the parties from misapprehensions or oversight of evidence. The demurrer was properly sustained at the trial and both the judgment and order should be affirmed.

And as the action cannot be maintained in the form in which it has been stated, it follows that the order of arrest issued in it was rightly vacated. No suggestion appears to have been made either upon the trial of the demurrer or the hearing of the motion, that the action might be dismissed as to all the plaintiffs, except one of the different firms, and then proceed as its own suit. The inference, on the contrary, to be deduced from what appears to have transpired, is that the plaintiffs proposed to maintain the action as it has been brought, or to submit to its entire failure. If that had not been the disposition of the counsel, then it should have been suggested to the court, in the event that a joint action could not be maintained, that the complaint should be dismissed as to all the plaintiffs, except one of the firms. And if that had been done, the court would undoubtedly have followed that suggestion, but having omitted to make it upon the trial or the hearing of the motion, the plaintiffs are not now, for the first time, at liberty to question the judgment or the order by proposing that such a disposition of the action may still be made. In fact there has been at no time during the hearing of the appeals, or since then, any suggestion whatever that in case of the plaintiffs incapacity to maintain the action, as it has already been brought, that they would consent to its being retained as a suit in favor of either one of these firms. But if there had been, it would come too late, the time for making it being on the first hearing.

The order, therefore, as well as the judgment and order on the demurrer, should be affirmed, with the usual costs and disbursements to the defendants.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.