Brownell v. Irwin.

---

BROWNELL v. IRWIN ET AL.

[No. 3,207. Filed October 24, 1900.]

NUISANCE.—*Complaint.*—*Misjoinder of Parties.*—In an action by two plaintiffs for the abatement of a nuisance, a complaint which expressly alleges that the plaintiffs were severally injured in sums specified is insufficient for want of sufficient facts.

From the Miami Circuit Court.   *Reversed.*

*Milton Kraus,* for appellant.
*H. M. Haag,* for appellees.

BLACK, J.—The complaint of the appellees, Mary A. Irwin and Emma Miller, against the appellant consisted of three paragraphs which were severally assailed for want of sufficient facts by a demurrer which was overruled.   In each paragraph it was sought to set up a cause of action for a nuisance occasioned by the depositing by the appellant of a large quantity of ashes upon certain premises, being the east one-half of a certain lot, in the possession of the appellant. The injury therefrom alleged in the first paragraph was the pollution of a well of water by percolation.   In the second paragraph the injury alleged was the damage of a dwelling-house situated on the west one-half of said lot, in that one side of the house was marred and soiled by ashes blown against it, the paint and putty thereby being caused to scale off.   In the third paragraph it was stated that portions of the ashes went into said house and settled on the furniture and food and that fire accompanying the ashes threatened the burning of the house.

The complaint in each paragraph is obscure through meagerness of averments showing interest of the appellees in the injured property and their relative position to each other.   The uncertainty in this regard is so great, and may be so easily remedied by a full and explicit statement of facts without conclusions of law, as the code expressly requires, that under the view which we take of the pleading in another respect we will not further advert to this matter.

It is well settled—so well that authorities need not be cited—that upon demurrer for want of sufficient facts a complaint will be held insufficient if it fail to show a cause of action in all the plaintiffs in which they may properly join as such.

In each of the paragraphs before us there is a failure to

show a joint cause of action in the plaintiffs, in that the damages alleged are expressly averred as damages sustained by the plaintiffs severally.

In the first paragraph it was stated that each of the plaintiffs had been greatly injured by reason of the privation of the use of said well of water, "the plaintiff Mary A. Irwin being damaged to the sum of $200, and the plaintiff Emma Miller being damaged in the sum of $200, the plaintiff Emma Miller being also damaged in health and comfort, by reason of said plaintiff's deprivation of the use of said well of water to the sum of $300; therefore, the plaintiff Mary A. Irwin claims $200, and the plaintiff Emma Miller claims $500 damages."

In the second paragraph it was stated that the house in question had been damaged as above described, "to the damage of each of the plaintiffs in the sum of $100 each."

In the third paragraph it was stated that the alleged nuisance "has lessened the personal enjoyment of the plaintiff Mary A. Irwin and deprived her of the full comfort of said plaintiffs' property, to her damage in the sum of $200, and has lessened the personal enjoyment of the plaintiff Emma Miller, and deprived her of the full comfort of said plaintiff's property, to her damage in the sum of $500." Prayer that the nuisance be abated, and "that plaintiff Mary A. Irwin recover said sum of $500 damages, and that plaintiff Emma Miller recover said sum of $1,100 damages thereby; and all proper relief."

Whatever may be allowable in equity, those proceeding as plaintiffs at law who have been severally damaged by the same nuisance, which may occur by reason of their distinct rights in relation to real estate being injuriously affected by the nuisance, must bring separate actions. While the interests of the appellees are not clearly indicated in the complaint before us, the plaintiffs are expressly alleged to have been injured severally. Therefore each paragraph should have been held insufficient on demurrer.

Judgment reversed.