FORD et al. v. SUTHERLAND SPRINGS LAND & TOWN CO. et al.

(Court of Civil Appeals of Texas. San Antonio. June 18, 1913. Rehearing Denied Oct. 15, 1913.)

1. ACTION (§ 50*)—JOINDER—SEPARATE INDIVIDUAL DEMANDS.

While the rule as to joinder of parties and causes of action in Texas rests largely in the discretion of the court, yet parties standing in different relations to, and having separate and individual demands against, the defendant may not join in a single suit in which the defendant will be required to urge various distinct defenses, the rule being that all persons having an interest in the subject-matter may be joined; but, if the right of action is in one person only, others cannot be joined with him as plaintiffs, the essence of the rights to join parties plaintiff being mutuality of interest existing as to both subject-matter and remedy.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

2. ACTION (§ 50*)—JOINDER—PARTIES AND INTERESTS.

Where plaintiffs joined in an action, each claiming to have a cause of action for damages amounting to $1,000 on each lot in a town plat purchased by him, resulting from the failure of defendant corporation to comply with its contract to make $50,000 worth of improvements on the streets, alleys, and park in the town, the demand of each was distinct from the demand of the others, the amount of damage to each lot depending on its location, surface, frontage, and the general nature of its surroundings, each presenting a different set of facts and calling for different evidence, so that there was no mutuality in their demands, though it was alleged that defendants were guilty of a conspiracy in selling the lots without intention to comply with their agreement to improve the same; and hence there was no such mutuality of interest as authorized plaintiffs to join in the action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

3. DISMISSAL AND NONSUIT (§ 75*)—MISJOINDER OF PARTIES—DISMISSAL WITHOUT PREJUDICE.

On sustaining a plea of misjoinder of parties, it was error to finally dismiss the action, but the court should have rendered judgment of dismissal without prejudice.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

Appeal from District Court, Wilson County; F. G. Chambliss, Judge.

---

Suit by Charles E. Ford and others against the Sutherland Springs Land & Town Company and others. From a judgment of dismissal, plaintiffs appeal. Affirmed in part, and reversed in part.

Fiset & McClendon, of Austin, for appellants. T. F. Mangum, of San Antonio, O. A. McCracken, of Floresville, and Semp Russ, of San Antonio, for appellees.

TALIAFERRO, J. This suit was filed by Chas. E. Ford and wife and Chas. Morris and wife against the Sutherland Springs Land & Town Company, a corporation, and J. L. Kerr, I. T. Pryor, M. H. Townsend, Semp Russ, A. D. Powers, A. L. Matlock, J. H. Burton, W. E. Nelson, J. C. Nelson, H. P. Nelson, and H. A. Speer. It was alleged that the Sutherland Springs Development Company, a corporation not a party to this suit, had acquired a large tract of land in Wilson county, which it had divided into blocks and lots, streets and alleys, for a town site, and called it New Sutherland Springs. The tract of land was sufficiently described, and it was alleged that 150 acres thereof was designated and set apart as a public park, and the said corporation entered upon the enterprise of exploiting the new town of Sutherland Springs and selling the lots, placing agents in the field for that purpose and issuing and circulating attractive literature publishing the beauty of the said town and the value of the property offered by it for sale. That, for the fraudulent purpose of avoiding the dangers of loss and financial difficulties, said corporation on February 18, 1910, for a fictitious consideration, conveyed all the land, which had not been already sold, to W. E. and H. P. Nelson, reciting a fictitious cash payment and taking their notes for $132,500, which notes, it was alleged, were in fact the entire consideration. That this conveyance was in pursuance of a "plan, scheme, and conspiracy entered into between said corporation and its directors and the said Nelsons to exploit the town site and for the purpose of preventing the said corporation and its stockholders from sustaining any loss by reason of the exploiting of said town site and to enable said corporation to take back, free from any claims of said Nelsons, so much of said town site as said Nelsons might dispose of, in case the said venture should prove unprofitable."

It was further alleged that, after promoting the said town site scheme for a period without success, the Nelsons, conspiring with the officers, directors, and stockholders of the said Sutherland Springs Development Company, conceived the scheme of again transferring the said property in furtherance of their fraudulent plans. Whereupon they formed a corporation known as the Sutherland Springs Land & Town Company, with a capital stock of $100,000 fully paid up and nonassessable, the officers and directors of which corporation were the same as those of the Sutherland Springs Development Company. That the capital stock was claimed to have been paid up in cash or valuable property, but that such claims were false and fraudulent in that no value whatever was paid for said stock, but that, on the contrary, it was held by the stockholders and directors of the Sutherland Springs Development Company without any valuable consideration whatever, and that all of the holders of said stock were justly indebted to the corporation for the stock held by them. The names of such stockholders were given with the amount of stock held by each.

It was asserted that the said Land & Town Company was insolvent from the date of its organization, and that it had its birth in the fraud and conspiracy of the defendants to exploit the town site of New Sutherland Springs without loss or risk to said defendants and to give color of stability to their financial organization in its effort to sell the lots to the public.

It is alleged the scheme was again advertised, this time by the Land & Town Company, and alluring literature was issued; promises and representations were made as to improvements and betterments to be made upon said property, among which was a promise or guaranty, on the part of said Land & Town Company, to the purchaser of lots in said town site, that it would in good faith expend $50,000 cash in the improvement of the streets and alleys in said town site and upon the aforesaid park, and that by reason of such promises and guaranties many persons had bought lots in said town site, and that among such purchasers were the plaintiffs. The numbers and descriptions of the lots bought by plaintiffs were set out.

But it is alleged that the said Land & Town Company never carried out its said obligations and never was able to carry them out and wholly failed to perform its contract in any part with reference to such improvements, and that in a further effort to defraud plaintiffs and other purchasers of lots, and in furtherance of its fraudulent conspiracy with the other defendants, the said Land & Town Company in July, 1912, conveyed all the said property, including the park, except such lots as had previously been sold by it, to the Sutherland Springs Development Company in consideration of the cancellation of the $132,000 notes of the Nelsons, payment of which had been assumed by said Land & Town Company, and that the said development company, in pursuance and furtherance of said conspiracy, at once conveyed the said property to H. A. Speer, who paid no cash in the transaction but executed his notes in a large sum as consideration. To secure the payment of these notes to T. F. Mangum, to whom the notes seem to have been made or assigned, Speer

executed his deed of trust with H. M. Hart as trustee.

Thereupon it is alleged that Speer, in the manner and for the purposes as before alleged, and in furtherance of the original fraud and conspiracy, began to advertise and exploit the town site and to sell lots, and that he continued to do so, and that he repudiates any and all obligations of the Land & Town Company or any other of said defendants.

It is further alleged that plaintiff Chas. E. Ford is also the owner of 10 shares of the stock of said Sutherland Springs Land & Town Company, purchased in good faith and for a valuable consideration from W. E. Nelson on December 19, 1910. That at that time he believed said corporation was solvent, and that the entire capital stock had in good faith been paid in, and that the representations of said company were true. As such stockholder, and to protect his rights as such, he prays that a receiver be appointed to take charge of the property of the Sutherland Springs Land & Town Company and to sue for such assets as it had fraudulently transferred and to sue for the unpaid balances due upon the stock held in said corporation by the various stockholders thereof.

Plaintiffs also allege that they have been damaged by reason of the fraudulent misrepresentations and conspiracy of said defendants in that each lot held by them would be worth $1,000 more than it is now worth if the defendant Land & Town Company had complied with its agreement with reference to making the improvements upon the streets, alleys, and parks, and they pray that their claims in the sums of $1,000 upon each lot be established as valid claims against said corporation and join in the prayer to have a receiver appointed, whose duty it shall be, among other things, to pay their claims aforesaid.

To plaintiffs' petition the defendants presented the general demurrer and 36 special exceptions which assail every allegation of appellees' petition. The court overruled the general demurrer but sustained all the special exceptions. The plaintiffs declining to amend, judgment was entered that the case be "finally dismissed and that the defendants go hence without day."

By separate assignments of error the appellant assails the ruling of the court upon each separate special exception. We will first consider those assignments which present the issue of the misjoinder of parties, as upon that question the case must be decided.

The thirty-second assignment of error reads as follows: "The district court committed error in sustaining and in not overruling special exceptions numbered R, as set forth in defendants' second amended original answer to plaintiffs' second amended original petition, which said special exception reads as follows, to wit: 'Defendants except to said petition and say that the plaintiffs ought not to recover as they sue herein for there is set up in said petition three separate and distinct causes of action which are entirely disconnected; and that plaintiffs in different capacities are suing for relief, part of the plaintiffs suing as alleged creditors of the corporation for the sum of $50,000 for improvements, and the plaintiff suing as a stockholder of said Town & Land Company and seeking to have the so-called park placed in the hands of a receiver as the property of said Town & Land Company, and the trial hereof will require three different verdicts entirely independent of each other.' "

The thirty-third assignment is as follows: "The district court committed error in sustaining and in not overruling special exception numbered W, as set forth in defendants' second amended original answer to plaintiffs' second amended original petition, which said special exception reads as follows, to wit: 'Defendants except to all that part of said petition which asks damages for the failure to perform the contract, to expend the $50,000, for the reason that each cause of action in favor of each plaintiff is a separate and distinct cause of action, demanding separate performance, and that this is a misjoinder of said cause of action and would compel the court to try and submit its charge to the jury in a separate cause for each plaintiff, and the jury will be required to return a verdict separate and different for each plaintiff and in this way return more than one verdict in this cause for damages to the plaintiffs, who are not entitled to maintain their actions jointly, as appears from the allegations from such petition.' "

[1] The rule, as it prevails in Texas as to the joinder of parties and causes of action, is not so strict as in some of the states and rests largely in the discretion of the courts. Craddock v. Goodwin, 54 Tex. 578; Morris v. Davis, 31 S. W. 850. But this does not mean that parties standing in different relation to and having separate and individual demands against the defendant may join in their action and maintain one suit against him in which he will be required to urge various distinct defenses. The rule is that all persons having an interest in the subject-matter of the litigation may be and should be joined. Wilson v. Hampton, 2 Posey Unrep. Cas. 426; Faulk v. Faulk, 23 Tex. 653. This rule is based upon the wise doctrine that multiplicity of suits should be avoided. But, if the right of action is in one person only, other persons cannot be joined with him as plaintiffs. Railway v. Gill, 2 Wilson Civ. Cas. Ct. App. § 175. The essence of the right to join parties plaintiff is the mutuality of interest, and the mutuality must exist as to both the subject-matter and the remedy sought.

In Keary v. Mutual Reserve Fund Life Ins. Co., 30 Fed. 359, in an action brought by several parties upon an insurance policy, the court said that though there may be a unity of interest in the subject-matter, if there is none in the recovery sought, the plaintiffs cannot join. If, for instance, one of the plaintiffs is paid, the others have no interest in and are not prejudiced by that payment; their demand is separate and cannot be joined in a single action. In Younkin v. Milwaukee Light, etc., Co., 112 Wis. 15, 87 N. W. 861, the Supreme Court of Wisconsin, in an action where several plaintiffs joined in a suit to abate a nuisance and also to recover damages to their respective lots of land, fronting upon the street 'charged to be affected by the maintenance of the nuisance, held that, while the action to abate the nuisance could be properly maintained by all the plaintiffs together, that for damages could not be, because: "Obviously the amount of damages to the respective lots must differ more or less, depending upon the amount of frontage, the location, the surface, the nature of the ground, etc., and to ascertain such damages with any degree of certainty would necessarily require a separate trial as to several, if not all, the lots in question"—citing Grand Rapids Water Power Co. v. Bensley, 75 Wis. 399, 44 N. W. 641; 2 Wood, Nuisance (3d Ed.) p. 1160, § 791; Murray v. Hay, 1 Barb. Ch. (N. Y.) 59, 43 Am. Dec. 773; Brady v. Weeks, 3 Barb. (N. Y.) 157; Lynch v. Railway Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523; Demarest v. Hardham, 34 N. J. Eq. 469; 30 Cyc. 115. We have found no case in Texas in which a similar state of facts is presented, but we have no doubt of the correctness of the rule as laid down in the Younkin Case, supra, and it is certainly sustained by the great weight of authority. In Paschal v. Dangerfield, 37 Tex. 273, which is nearer in its facts than any Texas case we have found, the court held that owners of several distinct parcels of land in an entire tract cannot, even under the liberal rules of practice in Texas, maintain a single joint suit for the recovery of the entire tract. Wachsmuth v. Sims, 32 S. W. 821; Anderson v. Telegraph Co., 84 Tex. 17, 19 S. W. 285; Blum v. Goldman, 66 Tex. 621, 1 S. W. 899; 23 Cyc. 425; Akins v. Hicks, 109 Mo. App. 95, 83 S. W. 75; 30 Cyc. 110 et seq.; Foreman v. Boyle, 88 Cal. 290, 26 Pac. 94; Brownell v. Irwin, 25 Ind. App. 395, 58 N. E. 263; Chitty on Pleading (Ed. 1883) 11; Gray v. Rothschild, 48 Hun, 596, 1 N. Y. Supp. 299.

[2] In the present case the appellants each claimed to have a cause of action for damages amounting to $1,000 upon each lot purchased by him, resulting from the failure of the appellant corporation to comply with its contract to make $50,000 worth of improvements on the streets, alleys, and park in the town of New Sutherland Springs. The demand of each plaintiff was separate and distinct from the demand of the other. The amount of damage to each lot would depend upon its location, surface, frontage, and general nature of its surroundings; each presenting a distinct set of facts and calling for different evidence. One could have been paid his claim in full, and the other would have been in no way affected by the payment. There was no mutuality between them in their demands unless it can be said that the alleged conspiracy of the defendants was the basis of the action and created a mutuality of interest. But it has been held that such a ground is not sufficient to justify the joining of several plaintiffs in a single action where their rights are in fact general. Younkin v. Light Co. and Gray v. Rothschild, supra. We conclude, therefore, that there was an improper joinder of parties plaintiff herein, and the court did not err in sustaining appellees' special exception No. R. The thirty-second and thirty-third assignments are overruled.

[3] The thirty-fifth assignment is as follows: "The district court committed error, at all events, in this: 'If it should appear that the trial court correctly held that there was a misjoinder of parties, then the proper order to have entered in said cause was an order dismissing said suit without prejudice to the rights of the plaintiffs to file separate suits; and it was error for the court to enter a general order finally dismissing plaintiffs' case.'" This assignment is well taken and is sustained. The judgment entered by the court was practically a final adjudication of the cause, though it purported to be a dismissal. It read: "It is further considered, adjudged, and decreed by the court that said cause be, and the same is, hereby finally dismissed, and that the defendants go hence without day," etc. The court, upon sustaining the plea of misjoinder of parties, should have dismissed the case without prejudice to the rights of the plaintiffs to enter and maintain separate suits.

The other assignments of error are sustained. They present in the aggregate what is a general demurrer to the petition. A petition in a separate action brought by one of the plaintiffs in this case against the same defendants would not be subject to a general demurrer, and it would be vain for us to attempt to anticipate the pleadings in subsequent litigation by passing upon the sufficiency of every allegation in the pleadings.

The judgment of the district court is affirmed in so far as it sustained the exception as to misjoinder of parties and actions but is reversed in other respects, and it is the order of this court that the cause of action of appellants be dismissed from the district court without prejudice to the right of appellants to bring any separate actions they may desire in the premises.