## T. W. ANDERSON ET AL. v. WESTERN UNION TELEGRAPH COMPANY.

### No. 3201.

1. **Misjoinder of Parties and Causes of Action.** — Telegraph messages were sent by the son to the father, but owing to negligence and delay in the delivery the father was delayed in reaching Dallas before the burial of another son of whose illness and death he was not advised otherwise. The father and son were joined as plaintiffs against the telegraph company for damages. *Held*, that exceptions by the defendant to the petition for misjoinder of plaintiffs and of causes of action were rightly sustained.

2. **Stipulation as to Free Delivery Limits, etc., in Telegram.**—The dispatch sent to the father, and which secured his return to Dallas, was not written upon one of the blanks supplied by the telegraph company. It was subsequently attached to one in the office. *Held*, that the written message should have been admitted without the attached blank containing notice as to free delivery limits and requiring claim for damages to be made within sixty days. The message having been received for transmission without conditions, it was the duty of the telegraph company to exercise due care in the delivery of the telegram to the person addressed. That the person is outside of delivery limits does not excuse want of care.

3.    **Stipulated Limitation for Claim for Damages.** — So also the message received not having the stipulation that claim for damages should be presented within sixty days, the stipulation formed no part of the contract with the telegraph company.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE. The opinion states the case.

*Gillespie & Capers*, for appellants, cited Evansich v. Railway, 57 Texas, 126;  Railway v. Hewitt, 67 Texas, 473;  Tel. Co. v. Rains, 63 Texas, 29; Tel. Co. v. Edsall, 63 Texas, 668;  Ryan & Co. v. Railway, 65 Texas, 20; 55 Texas, 308;  58 Texas, 170;  59 Texas, 542;  3 Ct. App. C. C., 244.

*Field & Homan*, for appellee.

GARRETT, PRESIDING JUDGE, *Section B.*—This action was brought by the appellants T. W. Andersor and his minor son S. E. Anderson, in the District Court for the Fourteenth District, of Dallas County, for the recovery of damages for the failure to promptly transmit and deliver certain telegraphic messages.

Defendant pleaded by a special demurrer a misjoinder of parties and causes of action; it also demurred generally, denied generally, and answered specially, that the messages were written on the blanks of the company which had thereon printed stipulations that the messages would be delivered free within the established free delivery limits of the terminal offices, and that for a greater distance a special charge would be made to cover the cost of the delivery; that the person to whom the messages were addressed did not reside within the free delivery limits at Hutchins, the place to which they were addressed, which were one-half mile each way from defendant's office; and that no charges were paid or guaranteed for special delivery.  Further, that the defendant should not be liable for damages unless the claim therefor in writing was made of it within sixty days after sending the message, and that no such demand had been made.

Plaintiff's demurrer to the answer was overruled.

Defendant's plea of misjoinder of parties and causes of action was sustained.   It is not disclosed by the record as to whom the election was made for the further prosecution of the suit, as the judgment is, that both plaintiffs take nothing by their suit.

At the request of the defendant the court instructed the jury to return a verdict in its behalf, which was done, and judgment was entered thereon.    Plaintiffs perfected an appeal to the Supreme Court, and have assigned errors.

Substantially the facts are, that on the 4th of August, 1888, the appellant T. W. Anderson was at work at the Dallas County poor farm, of which D. C. Burgess was the manager, to satisfy a fine and costs

adjudged against him in a Justice Court. His residence was in the city of Dallas, and his family was only two sons, S. E. Anderson, one of the plaintiffs, aged 16 years, and J. T. Anderson, aged 11 years. About 7 o'clock a. m. on the day mentioned the son J. T. Anderson died in Dallas, after an illness of about seven hours, and the father had not been advised of his illness. Soon after the death of his brother, and about 9 o'clock a. m., the plaintiff S. E. Anderson delivered to the defendant's agent at Dallas a message to be immediately transmitted and delivered to D. C. Burgess at Hutchins, as follows:

"DALLAS, TEXAS, 8—4, 1888.

*"To D. C. Burgess, Manager Poor Farm, Hutchins, Texas:*

"T. W. Anderson's child died 7 a. m. to-day.

"S. E. ANDERSON."

He paid the charge therefor, and the dispatch was sent and received by the defendant's agent at Hutchins. About 10 o'clock a. m. on the same day the said S. E. Anderson procured Louis Jacoby, the constable to whose custody his father had been remanded, to send instructions to the manager to release him, which were telegraphed as follows:

"DALLAS, TEXAS, 8—4, 1888.

*"To D. C. Burgess, Hutchins, Texas:*

"Release T. W. Anderson. One of his boys died this morning.

"LOUIS JACOBY, Constable."

This dispatch was also paid for, and sent and received by defendant's agent at Hutchins. Not hearing from the others, he also sent another telegram during the same day, as follows:

*"To D. Burgess, Manager Poor Farm, Hutchins:*

"DEAR SIR: Send T. W. Anderson here immediately. His child died 7 o'clock this morning. Answer. "S. E. ANDERSON."

And for this he also paid the charge, and it was sent to defendant's agent at Hutchins. Hutchins is ten miles from Dallas, and the poor farm is one mile from the office of defendant at Hutchins. Burgess had an agreement with defendant's agent at Hutchins to send his messages out to him. The three messages sent to him for the use of T. W. Anderson were delivered about 12:15 a. m., August 5, and he immediately released Anderson. There was no train passing for Dallas until the next morning; and if the first message of the day previous had been promptly delivered he could have reached Dallas at 12 m. on that day. The night was dark, and Anderson's eyesight was so bad that he could not walk in that night; and the next morning the train was delayed, and he did not reach Dallas until about 12 o'clock—too late to be in time for the burial of his son. There was no evidence as to what the established delivery limits at Hutchins were. It was shown

that notice of plaintiffs' claim for damages was not given within sixty days. If the first message had been delivered promptly, Anderson could have reached Dallas twenty-four hours earlier; if the second, or Jacoby telegram, had been delivered promptly, he could have reached Dallas eighteen hours earlier; but not any earlier upon the third message.

There was no error in sustaining the defendant's plea of misjoinder of parties and causes of action. It is doubtful if any cause of action at all is shown in behalf of the son S. E. Anderson; but the petition does show a good cause of action in favor of the father. At least they could not be joined.

Plaintiffs' exception to the defendant's answer was properly overruled, for if true it set up a good defense. But it having been shown that Jacoby's message was not written on one of defendant's blanks, and it not having been shown by the defendant that it was pinned to the blank with Jacoby's knowledge or the knowledge of the person by whom he sent it to the office, if he sent it, it should have been admitted in evidence without the stipulations contained in the printed form. His message was the one that secured the release of Anderson, and the failure to deliver it was the gist of plaintiffs' action; and the defendant having received it without stipulation as to free delivery limits, or that notice of claim for damages should be given within sixty days, it would be bound to exercise due care in the delivery of the telegram to the person to whom it was addressed; and if it had a regulation at Hutchins with regard to free delivery limits, and it was found that Burgess resided beyond those limits, it was the duty of the company at least to notify the sender of the dispatch that it could not be delivered without an additional charge. The sender of a message can not be bound by a regulation which is not brought to his knowledge. The defendant accepted the message and undertook to deliver it to Burgess, and it will not be heard to excuse itself upon the ground that Burgess was more than one-half of a mile from the office at Hutchins, especially since it failed to notify the sender of the fact that the message had not been delivered and of the reason why, so that its prompt delivery could have been secured. Again, it was the duty of the defendant to have complied with its agreement to send messages addressed to Burgess out to him, if there was one to that effect.

It has been held, that a stipulation to the effect that the person who claims to have been injured by the failure of the company to perform its duty in sending a telegram must give notice to the company of his claim for damages within sixty days is a reasonable regulation; but as Jacoby made no such agreement, it was not necessary that the notice should have been given in this case. With respect to the other two telegrams, it does not appear from the bill of exceptions under what circumstances the messages were written by Marshall, who was the

agent of the defendant, and we can not say that in doing so he was not the agent of young Anderson to prepare them, and that the latter did not have an opportunity to read the printed stipulations on the blank.

The court erred in refusing to admit the Jacoby message as it was originally prepared, detached from the form to which as produced by the defendant it was pinned, and for this error the judgment of the court below should be reversed.

*Reversed and remanded.*

Adopted March 15, 1892.