WESTERN UNION TELEGRAPH COMPANY V. W. A. EVANS.

No. 21.

1. **Telegraph Company—Office Hours—Cases Approved.**—The cases of Telegraph Company v. Broesche, 72 Texas, 657, and Telegraph Company v. Bruner, 19 Southwestern Reporter, 149, approved and followed, in relation to the liability of telegraph companies for negligent delay of messages received after office hours.

2. **Damages—Pleading—Matter of Aggravation.**—Where a mother sued for damages for mental anguish resulting from negligence in the delivery of a telegram that should have brought her in due time to the bedside of her dying son, she was entitled to allege and prove that the son, just before dying, frequently called for her and desired to see her, as a knowledge of this fact increased her own suffering.

3. **Damages for Mental Anguish—Excessive Verdict.**—By reason of the negligence of a telegraph company in the delivery of a message, a mother

did not reach the bedside of her son until a few minutes after his death, instead of twenty-four hours earlier. *Held*, that a verdict for $5000 damages for mental suffering occasioned thereby was excessive.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Stemmons & Field*, for appellant.—The verdict of the jury herein is grossly excessive in amount, and is more in the nature of a punishment of defendant than a compensation of plaintiff, and is the result of passion and prejudice, and caused by the passionate appeals of plaintiff's counsel in his concluding argument.

*E. A. Blanton* and *Potter, Potter & Eddleman*, for appellee.—Both the agent sending the message from Gainesville and the one receiving the same at Mount Vernon were told, and they knew before they were so told, of the serious sickness of Luther, and of the relation that he bore to Mary C. Evans, his mother, and A. C. Evans, his brother. Arrangements were made at both ends of the line for the speedy delivery of the message. No special delivery of the message was ever made, but appellant retained the $2 paid to insure the same. Railway v. Smith, 65 Texas, 173; Railway v. Lee, 69 Texas, 560; Railway v. Silliphant, 70 Texas, 631; Railway v. Douglas, 73 Texas, 333.

HEAD, ASSOCIATE JUSTICE.—At about 10 o'clock on the 4th day of March, 1889, appellee, through his agent, delivered to the agent of appellant at Gainesville, Texas, the following telegram:

"GAINESVILLE, TEXAS, March 4, 1889.
"*To A. C. Evans, Mount Vernon, Texas:*
"Go to Henry Simpson and get $50. You and your ma come. Luther better.
"W. A. EVANS."

At the time of delivering this message to appellant's agent he was informed of its importance, and was paid the usual charges for its transmission. The message was forwarded by appellant's agent in due time, and was received at Mount Vernon at 11:35 a. m. of the same day. The delivery of the message to A. C. Evans was delayed at Mount Vernon until about 9 o'clock of the day after its receipt, from the fact that he lived some two or three miles in the country, beyond the free delivery limits of appellant at said place, and its agent at Mount Vernon had not been advised that payment had been made for special delivery in time on the day preceding for it to have been delivered on that day.

About an hour after the delivery of the message to appellant's agent at Gainesville, W. A. Evans, the sender of the message, called at appel-

lant's office, and was informed by its agent that the message would not be delivered unless an additional payment was made to cover a special delivery, and thereupon Evans paid to said agent $2, the amount demanded for this purpose, and urged upon the agent the necessity for a speedy delivery.

The usual time required to send a message from Gainesville to Mount Vernon was about ten minutes. Had the agent at Gainesville notified the agent at Mount Vernon of the deposit to cover the special delivery, the message could have been delivered on March 4; and had it been so delivered, appellee's wife, the mother of Luther, referred to in the message, could have reached Gainesville on the evening of March 5, in time to have been with her son Luther about twenty-four hours previous to his death; but not having been delivered until March 5, she was unable to reach her son until the evening of March 6, about twenty minutes after his death.

A. C. Evans, the person to whom the message was addressed, anticipating such a message, on March 3 had arranged with appellant's agent at Mount Vernon, in case such a message for him was received, to deliver the same to a Mrs. Foster, who lived in a short distance of appellant's office at said place, and who had agreed to attend to the prompt delivery of the same; and had appellant's agent complied with this arrangement when the message was received on March 4, it would have been delivered to appellee's wife in time for her to have reached the bedside of her son on March 5, whether any sum had been paid for the special delivery or not.

Appellee sued for damages alleged to have been caused to his wife from the mental anguish suffered by her on account of her failure to see her son before his death; and upon the trial the jury awarded him the sum of $5000; and judgment being rendered upon this verdict, appellant prosecutes this appeal.

The verdict of the jury finding negligence on the part of appellant in the delivery of said message was well sustained by the evidence.

The petition of appellee contained an allegation to the effect that his son Luther, prior to his death, frequently called for his mother, and desired to talk with her before dying, and constantly urged plaintiff to procure some means to bring her to him; and appellant's third assignment of error calls in question the action of the court in overruling its special exception to this portion of the petition. We are of opinion that the action of the court was correct.

This suit was instituted to recover damage for the mental anguish claimed to have been caused appellee's wife by her failure to see her son before his death, and we are not prepared to say that the jury would not be authorized to conclude that this anguish would be increased by the knowledge that her son wished to see her, and was unable to do so. In such case the damage would be for the injury thereby caused the wife,

and not for any damage that might have been suffered by the son. In this case, however, no injury could have resulted to appellant, as no evidence was offered upon the trial to sustain this allegation.

In its eleventh assignment of error appellant complains that the court below refused a special charge requested by it, to the effect that it was not required to deliver a message beyond the free delivery limits until special compensation for this service had been secured to it, and if the jury found such payment was made too late for the message to reach Mount Vernon prior to the regular hour for closing appellant's office at said point, it would not be guilty of negligence.

We think the charge of the court was all if not more than appellant had the right to ask upon this branch of the case, as settled by previous decisions of our Supreme Court. Anderson v. Tel. Co., 84 Texas, 17; Tel. Co. v. Bruner, 19 S. W. Rep., 149; Tel. Co. v. Broesche, 72 Texas, 657; Thomp. on Law of Elec., 300.

Appellant's thirteenth assignment complains of the verdict rendered as being grossly excessive in amount, and as being more in the nature of a punishment of defendant than compensation to plaintiff, and we are of opinion that this assignment is well taken. The verdict in this case was for $5000. We think the appellee, had the message been promptly delivered, would have reached the bedside of her son about twenty-four hours before his death, but on account of the negligence of appellant she only reached him about twenty minutes after he had died. That her mental anguish was great can not be doubted, but in a case quite similar our Supreme Court held, as we think correctly, a verdict for $4500 such an amount as to shock a sense of justice, and concluded that it must have been the result of passion or prejudice on the part of the jury; and so we conclude in this case. Tel. Co. v. Houghton, 82 Texas, 562.

We have carefully examined the other assignments of error in appellant's brief, and are of the opinion that there is nothing in any of them of which it can justly complain.

For the failure of the court below to grant to appellant a new trial on account of the excessive verdict of the jury, let the judgment be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered November 1, 1892.