WESTERN UNION TELEGRAPH COMPANY v. JOHN ARWINE.

No. 145.

**Telegraph Company—Waiver of Printed Conditions.**—In an action against a telegraph company for delaying a message not written on one of its printed blanks, but attached thereto without the sender's knowledge or consent, evidence is not admissible to show a regulation by the company and instructions to its agents requiring all messages presented ·to it to be attached to one of its printed blanks containing the conditions on which it received messages for transmission, since the agents ·may bind the company without imposing the conditions in the special contracts evidenced by its blanks.

APPEAL from Palo Pinto. Tried below before Hon. C. K. BELL.

*Field & Homan*, for appellant.—Appellant was only bound to serve the sender of the message in question to the extent that it was engaged in serving the public, and the testimony offered was competent to prove the nature and extent of its undertaking, and the conditions upon which it transacted its business. Tel. Co. v. Harding, 103 Ind., 506; Gray's Com. by Tel., sec. 17.

*Daniel & Parks*, for appellee.—The message upon which this suit was brought not having been written upon the appellant's blanks containing stipulations limiting its liability, and having been delivered to appellant and paid for by appellee, without the condition limiting its liability being attached, constituted an absolute contract to transmit and deliver the message as it was received, and evidence of instructions, regulations, and customs of the appellant was not admissible. Anderson v. Tel. Co., 84 Texas, 17.

HEAD, ASSOCIATE JUSTICE.—About 7 o'clock p. m., October 11, 1889, appellee's wife's father delivered to appellant, at Strawn, Texas, for transmission to her at Fort Worth, Texas, the following telegram:

"STRAWN, TEXAS, October 11, 1889.
" *To Martha Arwine, 214 Bluff Street, Fort Worth, Texas:*

" Come in haste. Your mother is dead. Answer immediately.
    [Signed]                        " W. J. JENNE."

The evidence shows inexcusable negligence on the part of appellant in delaying the transmission and delivery of this message until the train left Fort Worth for Strawn on the next day, whereby appellee's wife was deprived of the consolation of attending the burial of her mother, and seeing her before her interment.

The message above set forth was not written upon one of the company's blanks, but was afterward pinned to one by its agent; but there is

no evidence that this was done with the knowledge or consent of the sender. The blank to which the message was so attached required claims for damage to be presented within sixty days, and appellant, in defense, pleaded the failure to present this claim within that time. The claim was not in fact presented within the sixty days. The trial resulted in a judgment for appellee for $500, from which this appeal is prosecuted.

Appellant's first assignment of error challenges the correctness of the action of the court below in excluding testimony offered by it to prove that the regulations of the Western Union Telegraph Company required that all messages presented to it for transmission should be attached to one of its printed blanks containing the conditions upon which it receives messages for transmission, and to prove instructions to its agents to that effect. The court below permitted appellant to prove everything that was said and done between its agent and the sender of the message at the time of its receipt, even allowing the agent to testify to his impressions as to what occurred; and in none of this evidence was it claimed that this message was attached to the blank with the consent or even with the knowledge of the sender; and because appellant did not propose to show such consent or knowledge on his part, the evidence offered by it as to its regulations was excluded as being immaterial. We are clearly of opinion, that the action of the court below was correct. Anderson v. Tel. Co., 84 Texas, 17.

We think it must be held, that appellant's agents appointed by it to receive and transmit these messages have authority to make contracts such as this, without imposing the conditions contained in the special contracts evidenced by its blanks. Railway v. Wright, 1 Texas Civ. App., 402; McCarty v. Railway, 79 Texas, 33; Easton v. Dudley, 78 Texas, 236. We also call attention to the fact, that the bill of exceptions taken by appellant to the exclusion of this evidence does not show the ground of appellee's objection thereto, and it would therefore perhaps not be proper for us to undertake to review the action of the court thereon, even though we entertained doubt as to its correctness. Johnson v. Crawl, 55 Texas, 571; Whitehead v. Foley, 28 Texas, 272.

The jury having found, under instructions from the court as liberal to appellant as the law would authorize, that the printed conditions were not attached to the message with the consent of the sender, there was, of course, no error in refusing to hold appellee bound thereby. 84 Texas, 17, supra.

We are of opinion that the judgment of the court below should be in all things affirmed.

*Affirmed.*

Delivered April 19, 1893.