WESTERN UNION TELEGRAPH COMPANY V. A. C. WOMACK.

No. 1707.

1. **Telegraph Company—Mental Anguish of Wife.**—In an action against a telegraph company for negligence in the delivery of a message by which plaintiff inquired after his son, whom he supposed to be lost, it was error in the court to assume that the company would be liable for the mental distress of plaintiff's wife, and to refuse to charge, that unless the evidence showed that the company had notice of the fact that she had a beneficial interest in the message no damage could be awarded on account of her mental distress.

2. **Same—Unfounded Alarm.**—Since the distress which plaintiff suffered because he supposed the absent boy to be lost would have been relieved had the company discharged its duty of delivering the message, the fact that the boy was not lost, but at his uncle's, affords no defense.

3. **Same—Delivery Outside of Limits.**—A message was sent to an address outside the free delivery limits, but the agent there was in the habit of delivering such messages through hackmen and others without extra charge. *Held*, that the company having received the message without demanding any extra charge for delivery from the sender when he paid the toll, undertook to deliver it to the addressee, and would be liable for delay in so doing, despite the clause in its printed forms exempting it in the case of messages outside its free delivery limits.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*Field, Brown & Camp,* for appellant.—1. The court erred in refusing to give to the jury the charge asked by defendant, to the effect, that unless the evidence outside of the message itself showed that defendant or its agents knew that it was sent for the benefit of Mrs. Womack, the wife of plaintiff, they should find for plaintiff no damages

for suffering endured by her.   Tel. Co. v. Proctor, 6 Texas Civ. App., 302; Tel. Co. v. Kirkpatrick, 76 Texas, 217; Tel. Co. v. Carter, 85 Texas, 580; Express Co. v. Fuller, 30 S. W. Rep., 412.

2. Except the sum paid for the telegram, and that paid for a man to go to Meridian, this whole action is based upon a groundless fear that their son was lost. Rowell v. Tel. Co., 75 Texas, 26; McAllen v. Tel. Co., 70 Texas, 243.

3. The court erred in instructing the jury, in effect, that the condition in the contract for transmission of the message sued on respecting delivery beyond defendant's free delivery limits at Meridian would not protect defendant from liability for nondelivery of the message sued on, unless defendant's agent at Morgan informed plaintiff what defendant's free delivery limits at Meridian were; and in refusing to give to the jury the fourth special charge requested by defendant, to the effect, that if defendant's free delivery limits at Meridian were reasonable, and if the addressee of the message lived beyond said delivery limits, defendant would not under the facts of this case be liable in damages for nondelivery of said message. Tel. Co. v. Rains, 63 Texas, 28; Tel. Co. v. Henderson, 89 Ala., 510; Anderson v. Tel. Co., 84 Texas, 17.

No brief for appellee reached the Reporter.

STEPHENS, Associate Justice.—In the assumption that, if appellant was liable to appellee for mental suffering endured by him in consequence of its failure to promptly deliver the message, it was also liable for the mental distress of his wife, it must be held, on the authority of Telegraph Company v. Kirkpatrick, 76 Texas, 217; Telegraph Company v. Carter, 85 Texas, 580; Telegraph Company v. Proctor, 6 Texas Civil Appeal, 302; and Express Company v. Fuller, 23 Southwestern Reporter, 412, that the charge of the court was erroneous—due, doubtless, to the opinion of the Court of Civil Appeals for the Third District on the former appeal (22 Southwestern Reporter, 417), which see for a concise statement of the case.

Whether appellant had notice of the fact that the message was sent for her benefit as well as that of appellee, was at most an issue raised by the evidence for the determination of the jury, and should have been submitted to them substantially as requested by appellant.

The charge of the court seems also to be subject to the criticism that the evidence did not warrant the submission of the issue of physical suffering of either appellee or his wife. Tel. Co. v. Drake, this day decided.

The further contention of appellant, that no damage was recoverable for the prolonged mental distress and anxiety occasioned by the nondelivery of the message, on the ground that this distress arose from an imaginary state of case, we do not sustain. To the parents the child was lost, though in fact at his uncle's, in the town of Merid-

ian, a few miles away. In order to put an end if possible to this condition of painful solicitude, as appellant well knew, the message was sent. Appellee, in procuring appellant for hire to send it, undertook to buy, and appellant, so far as a compliance with its contract would effect the subject, to restore, peace of mind. Failing in such case to render the service contracted for, no reason is perceived why it should not compensate appellee for the protracted suffering endured as a direct consequence of that failure.

Where a condition of distress is enhanced by the negligent failure of a telegraph company to promptly deliver a telegram, it has been held that the company is liable. Tel. Co. v. Richardson, 79 Texas, 649; Tel. Co. v. Stephens, 2 Texas Civ. App., 129.

There can be no difference in principle between the increase of suffering which comes, through the negligence of a telegraph company, from adding to its intensity and from extending its duration. In either case, it is superadded as the proximate result of such negligence.

The Rowell case, 75 Texas, 26, so much relied on by counsel for appellant, may be in conflict with this conclusion; but if so, it seems equally in conflict with the whole tenor of our decisions in this class of cases, from the Stuart case (66 Texas, 580) down, including especially the Simpson case, 73 Texas, 422. These decisions must withstand the repeated attacks of adverse criticism solely upon the ground that they make a logical application of sound principles in the law of damage to new and peculiar conditions. The same logic which led to their adoption as a line of decisions should not, we think, be departed from upon grounds of expediency in particular cases, to draw distinctions where no material differences appear.

That it is in the nature of things difficult to measure the compensation which a person should receive in money for injured feelings, and that, in view especially of the popular prejudice against corporations, the practical application of the rule which allows such compensation is liable to much abuse, we freely concede; but that in some form and under some name such recoveries have been sustained by the courts from the earliest times, does not admit of dispute. For an elaborate review of the cases, to show that such recoveries should properly be sustained as actual damages, see the able opinion of the Supreme Court of New Hampshire in Fay v. Parker, 16 American Reporter, 270.

We concur, then, with the Court of Civil Appeals for the Third District, that the case stated was actionable. The defense urged on the ground that the free delivery limit clause contained in the printed form upon which the telegram was received for transmission relieved appellant from the consequences of a negligent failure to deliver the message, was, under the facts of this case, manifestly without merit. The message was addressed to S. D. Greer, Meridian, Texas, which town was about one mile from the railway depot where the telegraph office was kept. The fact that the corporate boundaries may have included the depot did not necessarily extend the town that far. For

several years preceding, appellant had been sending messages habitually by the hackmen and others to people in the town, without extra charge, and undertook to do so in this instance. If it intended to change its method of business and demand extra pay, it should have so notified appellee, and retained it out of the money handed its agent at Morgan when the message was sent, which was in excess of the regular tolls. Having undertaken to make the delivery, it should have used diligence in doing so. Tel. Co. v. Anderson, 84 Texas, 17; Tel. Co. v. Teague, 27 S. W. Rep., 958.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 13, 1895.