F. M. BURFORD, ADM'R, v. J. ROSENFIELD, ADM'R.

1. On a note given for land, secured by mortgage on the same land, suit was brought for a money judgment and for foreclosure, but the jury returned a verdict for the amount of the debt, without any finding with respect to the mortgage or lien ; notwithstanding which, a decree of foreclosure was rendered by the court, as well as a general judgment. No appeal was taken, and the defendant in the judgment acquiesced in it for years after its rendition. *Held,* that however erroneous the decree may have been, it was not void, nor was it subject to be impeached in a collateral suit ; and all parties in privity with the defendant in such decree, and claiming under him the land foreclosed, are estopped by his acquiescence, from questioning the validity of the decree.

2. *Lis pendens* is constructive notice ; and a sale of land, *pendente lite,* is void as against the plaintiff in the suit.

3. In every sale of land the vendor's lien for unpaid purchase-money exists, unless otherwise agreed by the parties ; and the *onus* is on the vendee to show that the lien was waived by the vendor.

4. A vendee of land who has not paid the purchase-money acquires no homestead right in it, as against a vendor who retains his lien upon it.

5. Counsel for appellant having made admissions of certain material facts not stated in the transcript, this court treats the admissions with much consideration.   (On rehearing.)

APPEAL from Colorado.   Tried below before the Hon. L. Lindsay.

This suit was instituted in 1867 by William Alley, against the administrator of T. W. Harris, deceased, to foreclose a vendor's lien on lots 4 and 5, Block 9, in the town of

Columbus. Alley died pending the suit, and Rosenfield, his administrator, became plaintiff in his stead. The suit was necessitated by the probate judge having disapproved the lien claimed by Alley.

The answer of Harris's administrator denied that the notes of Harris were given for purchase-money of the lots, and alleged that they were given to Alley for money loaned by him to Harris many years after the latter had purchased the lots. It further alleged that at the date of the notes (March 21st, 1859) Harris was a married man, and with his wife and children was residing on the lots.

The plaintiff amended, alleging that when the notes were made by Harris, a title bond for the lots in question was executed to him by Alley, in consideration of the notes; and a copy of the title bond was filed with the amendment, and the defendant notified to produce the original.

At the fall term, 1870, the parties waived a jury, and submitted the whole case to the court.

The plaintiff put in evidence the notes and title bond already mentioned, and then introduced a deed for the lots, made to Alley by John G. Logue, and bearing the same date as the notes and title bond, to wit: March 21st, 1859. At the foot of this deed appeared the following instrument, over Harris's signature:

"The above deed was executed to William Alley, in com-
" pliance with the bond of Logue & Whitfield, made to Thomas
" W. Harris, October 5th, 1854, which bond is recorded in
" Book D of Bonds and Mortgages, page 313, of the county
" records of Colorado county; and the said deed was made to
" the said Alley at my request, he having paid the note de-
" scribed in said bond, which note was given for the purchase-
" money of the premises conveyed to Alley in the above deed.
" In witness of which I hereto set my hand and seal, using a
" scroll for seal, this 21st day of March, 1859.

"THOS. W. HARRIS."

The plaintiff then rested his case.

The defendant read in evidence a deed for the same and other lots, made to Harris by Robert Robson, on the 6th of August, 1850, in consideration of twelve hundred dollars, paid, and covenanting a general warranty of title. Next the defendant proved by R. L. Foard, that on his arrival at Columbus, in 1852, Harris, with his wife and a number of children, resided on the lots in question, and continued to reside on them until shortly before his death in 1865. And by G. W. Smith, the defendant proved that Harris, in 1850, bought the lots from Robson, pending the suit of Watts's heirs v. Robson, and subsequently lived on them with his family.

By a bill of exceptions reserved by the defendant, it further appears that he offered in evidence a judgment or decree rendered April 11th, 1853, in the case of William Watts's heirs v. Robert Robson. This judgment embodied a verdict in favor of Watts's heirs and against Robson for one thousand three hundred and twenty-five dollars. Following this verdict was a judgment in ordinary form, and then a decree for the sale of the lots now in question, to satisfy the judgment. The bill of exceptions stated that the court below ruled this judgment to be a judgment foreclosing a mortgage lien on the lots, and further ruled that the sale made by the sheriff, by virtue of an order of sale in said judgment, was a valid sale; to which rulings the exceptions were reserved.

The plaintiff, in rebuttal, read in evidence not only the judgment and decree in the suit of Watts v. Robson, but also the petition and exhibit on which the judgment and decree were founded. The petition was filed in February, 1848, by the heirs of William Watts, and alleged an indebtedness to them by Robson, for eight hundred and thirty-one dollars, with interest since the 5th of November, 1845; and also set up and exhibited a mortgage upon the lots now in question and others, dated November 6th, 1844, and executed to secure the indebtedness aforesaid, which, as appears in the mortgage, was incurred by Robson in the purchase of the mortgaged lots at the sale of the estate of said William Watts, deceased.

These are all the material facts disclosed by the statement of facts and bill of exceptions.

The court below rendered judgment in favor of the plaintiff, with decree establishing the vendor's lien claimed by him, and ordering a sale of the lots. Defendant moved for a new trial, but it was refused, and he appeals.

The case appears to have been first submitted by F. Barnard, Esq., as counsel for the appellant; but after the rendition of the first opinion, Messrs. Moore & Shelley filed a motion and brief for a rehearing, which elicited the second opinion delivered in the case.

*Moore & Shelley,* and *F. Barnard,* for the appellant.

*J. T. & D. W. Harcourt,* for the appellee.

WALKER, J. The record in this case is very defective. There is no assignment of errors, the statement of facts is very defective, and it is with difficulty that the case can be understood.

In the motion for a new trial, one question is presented. It is claimed that the court erred in deciding that the judgment in the case of Wm. Watts's heirs *v.* Robert Robson, was a judgment foreclosing the mortgage lien on lots 4 and 5, in Block 9, in the town of Columbus.

Had that judgment been appealed from, and the questions therein presented properly brought before us, we should probably have decided it upon the authorities referred to in appellant's brief.

The jury should undoubtedly have passed upon the mortgage as well as the note, but we cannot hold that the judgment was entirely void, nor can we consent that it should be impeached in the collateral manner proposed by appellant. No appeal was taken from it. Robson has acquiesced in it, and those claiming in privity with him are estopped from calling it in question. (See Lee. *v.* Kingsbury, 13 Texas, 71; Tadloch *v.* Eccles, 20 Texas, 782.) The testimony of Judge Smith shows that Harris

bought the lots of Robson, pending the action of Watts against Robson. *Lis pendens* is constructive notice, and a sale, *pendente lite*, is a nullity as against the plaintiff in the suit. (1 Texas, 326.) In this case the court hold that the vendor's lien exists in every case for the purchase-money, unless otherwise agreed; and the *onus* is on the vendee to show that the vendor waived the lien.

This question, however, needs scarcely be discussed or decided in this case. The written acknowledgment of Harris, that Alley had paid the purchase-money, and that the deed was made to him at his own request, binds the parties. This writing of Harris also refers to a title bond from Logue and Whitfield to Harris, dated in 1854, for the lots in question, and the deed was made to Alley at his request.

Before the homestead right can attach against the vendor, the purchase-money must be paid; and the wife could not interfere with the right of the husband in arranging as to the payment of the purchase-money; and if he saw proper to do so, he could renounce and surrender the land, unless his conduct were tainted by fraud.

The bond from Alley to Harris shows that the notes sued on were given in consideration of the purchase-money. There is no error in the case to warrant the reversal in the judgment. It is therefore affirmed.

WALKER, J. As mentioned in our former opinion in this case, the statement of facts is defective, but the admissions of counsel for appellant, in their brief, we permitted to some extent to supply what was evidently an omission from the record. He says, " the only question for the court to determine in this case " is the effect of the sheriff's sale, made under order of the court, " upon the judgment rendered on the 11th day of April, 1853, " in the suit of Watts's heirs *v.* R. Robson."

Again it is said in the brief, "we think that the purchaser of " the lots Nos. 4 and 5, in Block 9, in the town of Columbus, " under the sheriff's sale made under the order of sale in the " judgment of Watts's heirs *v.* Robson, obtained no title."

These remarks are made in the brief of counsel who appears to have tried the case below; but the case has now, on rehearing, passed into the hands and is under the management of other very able counsel, who insist upon the rehearing, because the statement of facts is deficient in not showing that a sale was made in the suit and under the order referred to; that this court is not authorized in taking any notice of that which the original counsel evidently regarded, and so argued to us, as presenting the main question in the case.

There is some question as to how far the admissions of an attorney, made in open court and upon submission of his cause, are to be taken against his client; but when we take into consideration that it was the duty of appellant's counsel to prepare for the record a full and complete statement of facts, and, not having done so, he admits a fact of a material nature, which ought to have been found in the record, we are disposed to treat the admission with much consideration. We think this case was rightly decided in our former opinion, and therefore find no reason to change, but affirm it.

Affirmed.