J. R. O'NEAL ET AL. v. PEYTON LOCKHART ET AL.

(No. 317.)

NON-JOINDER.— Where non-joinder of parties plaintiff appears
from the allegations in the petition, the objection may be taken
by exception.

APPEAL from Comanche county. Opinion by WATTS, J.

STATEMENT.— This suit was commenced December 23,
1873, by Peyton Lockhart, Dinah Hope, Fred Douglass,
Reese Sloan and Moses Jones, against G. R. O'Neal and
S. M. Sowell, to recover five separate and distinct tracts of
land claimed respectively by the plaintiffs as their pre-
emption surveys.

It is alleged in the petition that each of the plaintiffs had
settled upon vacant public domain; that each of them had
caused his one hundred and sixty acres to be surveyed and
the field-notes recorded and copies thereof to be filed in the
general land office, setting forth in the petition the field-
notes of their respective surveys, and alleging a compliance
with the pre-emption laws; that subsequent to their re-
spective settlements and surveys, the defendants, O'Neal
and Sowell, had located a certificate upon a large tract of
land, including their respective pre-emption surveys, had
caused the same to be surveyed, the field-notes recorded
and a copy thereof filed in the general land office, and had
wrongfully procured the issuance of a patent therefor; that

plaintiffs had thereafter been forced to temporarily vacate their respective surveys by mob violence, and that defendants had wrongfully entered upon, and taken possession of, the said land, and forcibly and wrongfully detain the same from the plaintiffs. They sue to recover their respective surveys and to cancel the patent issued to defendants.

G. R. O'Neal, one of the defendants in the court below, on the 12th day of February, 1874, filed a general demurrer and special exceptions to the plaintiffs' petition, and also a general denial and a plea of not guilty. The case was continued by consent at the February term of the court. At the May term of the court, 1874, the death of the plaintiff, Peyton Lockhart, was suggested, and the case continued to make his legal representatives parties plaintiff. At the October term of the court, the plaintiffs filed amended petitions, and again at the February term, 1875, and at the same term, the defendant, J. M. Sowell, joined by his codefendant, G. R. O'Neal, filed an amended answer, setting up the land claimed by them by metes and bounds, denying all the allegations in plaintiffs' original and amended petitions, and charging the plaintiffs with negligence, laches and forfeiture.

The cause came on for trial February 27, 1875; the court overruled appellants' exceptions, and the trial resulted in a verdict and judgment for appellees for each of their respective surveys, and cancellation of appellants' patent. The case is now before the court on appeal.

OPINION.— The allegations in the petition affirmatively show that there was no priority of right or claim between the several appellees with reference to the subject-matter of the litigation. Each of them claimed to be the owner of his one hundred and sixty acre pre-emption survey; neither asserted nor claimed any right or interest in the other surveys; no community of interest in the several tracts of land was claimed; on the contrary, it appears that no such interest had ever existed.

The question was not raised by special exceptions. Appellants' general demurrer and special exceptions going to other supposed defects in the petition were overruled, and that ruling is assigned for error; and the appellants in their brief insist that the judgment ought to be reversed on account of the misjoinder of parties plaintiff and causes of action. In cases like the one before us the question of misjoinder, where it is obvious, may be taken advantage of by plea in abatement, under the general denial, by demurrer, motion in arrest of judgment or by writ of error. Gould's Pleading, 273, 275.

It was held in May v. Slade, 28 Tex., 208, that when nonjoinder of parties plaintiff appeared from the allegations in the petition, that the objection might be taken by exception.

In the case of Punchard v. Delk,[1] decided at the present term, the plaintiffs sued, as tenants in common, to recover a large tract of land; it was afterwards ascertained that a partition between the plaintiffs had been made in the probate court long prior to the institution of the suit. To avoid delay, expense and several actions, the plaintiffs and defendants entered into a written agreement waiving the misjoinder, etc. It was held that this could be done, and that the agreement was binding between the parties. That decision proceeded upon the theory that the effect of the agreement was a waiver of the petition, and placed the plaintiffs before the court, and for the purposes of the suit, as co-tenants.

In this case, however, there never had been any common interest among the plaintiffs; each was seeking to recover a separate and distinct tract of land, all joining in the same petition.

We are of opinion that the court erred in overruling appellants' demurrers.

On the trial of the case in the court below, the appellants asked the court to charge the jury, in effect, that if appellees had settled on the land in controversy as pre-

[1] 55 Tex., 304.

emption, and permitted more than one year to elapse without complying with the law in having the same surveyed and the field-notes returned to the general land office, and that during that time appellants'located a certificate upon the land and had it surveyed and the field-notes returned to the general land office, and had secured a patent therefor, that then appellants would have the superior right to the land and ought to recover. And also that the patent, *prima facie*, constituted title, and that the burden was upon the appellees to establish a better title before they could recover. These charges were refused by the court and the refusal assigned as error.

In our opinion the charges ought to have been given.

The other errors complained of need not be considered as they are such as will not likely occur upon another trial.

REVERSED AND REMANDED.