## S. W. PUNCHARD v. WM. DELK ET AL.

(Case No. 2734.)

1. MISJOINDER OF PARTIES — AGREEMENT — PRACTICE.— After partition made of land, the various parties owning in severalty the subdivisions sued as joint owners for the recovery of the original survey. To cure the misjoinder they filed an agreement made with the de-

fendants, to the effect "that the plaintiffs are properly joined in the original petition; that the cause may proceed, and the rights of all the parties be determined in one suit, thus preventing multiplicity of litigation." Subsequently, purchasers *pendente lite* from the original defendants were, on motion, made sole defendants. *Held*,

(1) The objection sought to be cured by the agreement did not go to the foundation of the action, but to the manner of bringing it.

(2) It was binding on the parties to it.

(3) It was binding on purchasers *pendente lite*, who cannot ignore the agreements on file of those from whom they purchased.

APPEAL from Hill. Tried below before the Hon. F. P. Wood.

1. In 1858 various persons, some of them claiming as the heirs of Joseph H. Punchard, and others as the vendees of other of the heirs, brought suit in Hill county for a league of land granted to Harriet and Lucretia Punchard, heirs of Joseph Punchard, deceased. The parties plaintiff sued as joint owners of the league. They were not joint owners, but in fact owned different parts and different quantities of the land when the suit was filed. They could not have a joint recovery under the facts; to remedy the evil, the parties plaintiffs and defendants entered into this agreement: "It is agreed in this cause that the plaintiffs are properly joined in the original petition, and that the case may proceed, and the rights of all the parties be determined in the one suit, thus preventing multiplicity of litigation. April 17, 1860."

The defendants answered by plea of not guilty, and specially setting up various grounds as claimed of the nullity of the grant under which plaintiffs claimed.

At the fall term, 1865, of the court, E. B. McCowen, J. W. McCowen, T. P. McCowen and Ambrose Key moved the court "to permit them to become parties defendant, . . . saying that since the commencement of these suits they have purchased from the original defendants all the land claimed in plaintiffs' action, and are the

sole defendants in interest and in possession of the land."
This the court permitted.

The suit progressed, the plaintiffs amending their peti-
tion, explaining how and why it was that the grant was
issued to Harriet and Lucretia Punchard, as heirs of
Joseph Punchard.

The case was tried at the June term, 1874, and resulted
in a verdict and judgment for the defendants. Motion
for new trial was made and overruled.

On the trial the appellants offered to read, as binding
upon the parties, as part of the proceedings in the cause,
and to cure any defect in plaintiffs' pleadings, the agree-
ment of the parties dated April 17, 1860; to which ap-
pellees objected on the ground that the parties to the suit
had been changed since the agreement had been made;
and that the plaintiffs by amendment had sought to
change their cause of action. The court sustained the
objection and held the agreement for naught. The point
was saved by bill of exceptions and assigned as error. The
court, at the instance of appellees, charged the jury that
the plaintiffs had sued as joint owners of the league, and
that the record showed that the land had been partitioned
before the institution of the suit among the plaintiffs and
those under whom they claim, and to find for the defend-
ants. This was also assigned as error.

*E. M. Pease* and *Walton, Green & Hill,* for the appel-
lants.

No briefs for appellees on file.

WATTS, J. COM. APP.— In order to avoid a multiplicity
of suits involving the same questions, the original parties
entered into the agreement, the effect of which was to waive
the misjoinder of causes of action by the plaintiffs. The

parties did not undertake by this agreement to give juris-
diction where it did not belong, or in any manner affect
the jurisdiction of the court over the subject matter of
the litigation.    But the effect of the same was a waiver
of right, in the matter of pleading, which the defendants
could otherwise have taken advantage of, and forced the
plaintiffs to their separate actions.    And we are not able
to perceive any valid reason why such an agreement is
not valid and binding as between the parties.    The objec-
tion sought to be cured thereby did not go to the founda-
tion of the action, but only the manner in which the suit
was brought.    No fraud could have been intended upon
the court; but it appears to have been simply an effort
upon the part of the plaintiffs and defendants to waive
the form that they might the more readily reach the sub-
stance of the litigation.

We conclude that the agreement was valid and binding
as between the parties thereto.    It seems to have been
recognized, and acted on, by the parties for several years.
Purchasers pending suit are not regarded with favor by
the courts.    Briscoe *v.* Bronaugh, 1 Tex., 326; Burford *v.*
Rosenfield, 37 Tex., 42.    Such a purchaser can only ac-
quire such rights in the subject matter of the suit as was
in his vendor.    And when he becomes a party defendant
by reason of such purchase, he can occupy no better or
more advantageous position than did the original defend-
ant.    He buys the suit as it is, and simply takes the place
of his vendor, and assumes the burdens that were resting
upon him.    In short, he is strictly in privity with his ven-
dor, and can no more ignore his agreements with refer-
ence to the suit, and which are on file among the papers
of the cause, than could the administrator ignore the
agreements of his testator, made with reference to a
pending suit.

We are of the opinion that said agreement is as bind-

ing upon the subsequent as the original defendants, and that neither would be allowed to dispute its binding force; and especially is this true where it had been acted upon, and recognized by the parties, until the statute of limitation would, if the objection was successfully made, bar the rights of the plaintiffs.

The other error complained of is not such as will likely occur upon another trial, and need not be considered.

It is our conclusion that a proper disposition of this appeal is to reverse the judgment and remand the case.

REVERSED AND REMANDED.

[Opinion delivered May 31, 1881.]

Ch. J. MOORE did not sit in this case.