BENJAMIN FERRIS v. J. E. STREEPER.

(Case No. 4092.)

1. APPEAL.— Only parties to the record can prosecute an appeal. This rule is subject to the statutory exception in favor of executors, administrators or heirs of a party who dies pending the suit.

2. CASE REVIEWED AND DISAPPROVED.— Mason v. Peck, 7 J. J. Marshall, 301, which maintains the right of appeal in a purchaser *pendente lite*, reviewed and disapproved.

3. APPEAL.— One who has an interest in the subject matter in litigation may, even after judgment, assert his rights, apply for a new trial, and make himself a party to the record to that extent. If his motion for new trial be overruled, he may appeal and set up any error committed in passing on his motion and the evidence offered in support of it; but he cannot avail himself of supposed errors committed against any other party to the record.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Streeper sued W. E. and Thos. L. Arnold, J. M. Cook, S. A. Cook and J. W. Orme, September 20, 1875, charging the execution of a note by the Arnolds to Orme and S. A. Cook, the indorsement of it by S. A. and J. M. Cook to Streeper, J. M. Cook joining therein as surety; that the note was executed for the purchase money of certain land therein described; that Orme had since purchased the land with notice of the lien; that the consideration for the indorsement of the note by the Cooks was the conveyance by him of lot No. 10, block 51, town of Denison, and that by virtue of the indorsement the Cooks became original promisors, and the note constituted a vendor's lien on the lot; Orme and wife asserted a homestead right to the other land; J. M. Cook claimed that he was

indorser on the note and released by the laches of the plaintiff; S. A. Cook set up his discharge in bankruptcy, and the Arnolds made no defense.

There was a verdict and judgment in favor of Streeper against the Arnolds for the amount of note and foreclosure of lien upon lot No. 10, but for defendants Orme and wife, J. M. Cook and S. A. Cook. This judgment was rendered May 13, 1879; on the 15th of the same month Ferris filed a motion in the name of S. A. Cook for a new trial, and this was opposed by all the parties except the Arnolds. Two days after he filed a motion in his own name, claiming that he had purchased lot 10 from S. A. Cook in January, 1876, and, as part payment of the purchase money therefor, had paid off and discharged a valid mortgage on the lot, which was taken without notice of the lien asserted in this case; that at the time of the purchase and payment of the mortgage he had no notice of the pendency of this suit and the existence of the vendor's lien; that S. A. Cook promised him to employ counsel to represent his (Ferris') interest in the suit, which he failed to do, but fraudulently combined with the plaintiff, Streeper, and the other parties to the suit to have the lien foreclosed on the land.

The court heard testimony upon this motion and overruled it, and also the motion made in the name of Cook. Ferris appealed, and assigned errors.

*Throckmorton, Brown & Bryant*, for appellant, cited Hughes v. Maddox, 6 Tex., 90; Lee v. Salinas, 15 Tex., 495; Mason v. Peck, 4 J. J. Marshall, 300; Marr v. Hanna, id., 643.

*G. G. Randell*, for appellee, cited Smith v. Allen, 28 Tex., 497.

WATTS, J. COM. APP.— Appellant Ferris claims to have purchased the land upon which the lien was foreclosed from S. A. Cook, one of the defendants, pending this suit; and after the judgment was rendered he appeared and made a motion for a new trial in the name of S. A. Cook, which was overruled by the court, and he now assigns as errors such things as transpired on the trial, and which he claims were erroneous as to Cook.

In support of the proposition that a purchaser from one of the defendants pending the suit may appeal from a judgment rendered against such defendant, appellant relies upon Mason v. Peck, 7 J. J. Marshall, 301, and Marr v. Hanna, id., 643. The first of these cases was before the court on writ of error, prosecuted by one Triplet,

who had purchased the interest of the defendants under a judicial sale pending the suit. The court held that Triplet had such an interest as would authorize him to prosecute a writ of error in the names of those from whom he acquired that interest.

No authority is cited by the court in support of the assertion, nor any other reason given than that Triplet was in privity of estate with the defendants. In the other case, the party who prosecuted the writ of error appeared in the circuit court and asserted his interest; but, notwithstanding, the court, upon the motion of the defendant, who claimed that he had paid the debt pending the suit, dismissed it. There it would seem that the party who prosecuted the writ of error was a party to the record, and that the question was not involved in the case.

Our constitution confers the right of appeal, and the exercise of that right is regulated by statute. As a general rule derivable from the various provisions of the statute regulating appeals, only parties to the record can exercise that right. The only exceptions to that general rule which now occur to us are those specially provided for in the following statutory provision: "In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator or heir." This would at least indicate the legislative intent in this particular to confine the exercise of the right to the parties to the suit and those specially designated. It would also seem that it was the judgment of the legislature that it was necessary to confer the express right upon the parties named, or else it could not be exercised by them. Those who purchase the subject matter of the suit pending the litigation have not been regarded with favor; on the contrary, they have been considered as volunteers, a kind of intermeddlers whose assertion of right is not entitled to the special favor of the courts. Briscoe v. Bronaugh, 1 Tex., 326; Burford v. Rosenfield, 37 Tex., 42; Punchard v. Delk, 55 Tex., 307.

We are of the opinion that appellant had no right to prosecute an appeal in the name of S. A. Cook, so as to avail himself of any supposed errors committed on the trial of the cause.

However it was in accordance with the recognized practice in this state, to allow appellant, after the judgment was rendered, and at the same term, to assert his rights, and secure, if he could, a new trial, so as to have an adjudication upon his asserted rights. Hughes v. Maddox, 6 Tex., 90.

Appellant did, after the judgment and before the expiration of the term, interpose his motion for a new trial, and therein asserted

his claim to the property upon which the lien was foreclosed; also claimed that he had been prevented from asserting his rights pending the suit by reason of a fraudulent combination between the plaintiff and the defendants. The court below heard this motion and the evidence that was offered in support of it, and overruled the motion. Whatever errors were committed against appellant in that proceeding he had the right to bring before this court for revision. But in doing that he cannot avail himself of supposed errors committed against any other party to the record.

Then the question arises, did the court err in overruling appellant's motion? He shows by his motion that he purchased the property pending this suit, and this was notice to him of the plaintiff's claim. There is no evidence in the record that the mortgage which he claims to have discharged ever existed, nor is there any evidence in the record establishing the fraudulent combination which he charges to have existed between the plaintiff and defendants. In the absence of such evidence, it will be presumed that the court below correctly overruled the motion.

We conclude that there is no error in the judgment, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted April 23, 1883.]