## W. G. Sharp et al. v. A. W. Johnson et al.

### Decided April 1, 1910.

**1.—Nonsuit—Right of Appeal.**

Where one of two plaintiffs in an action of trespass to try title acquiesces in a ruling of the court sustaining a plea by defendant of misjoinder of parties and causes of actions, and dismisses his suit for the portion of the land claimed by him, he has no further interest in the suit which was thereafter prosecuted to final judgment as between his original coplaintiff and the defendant, and has no right of appeal from such judgment.

**2.—Trespass to Try Title—Misjoinder of Parties.**

Where it appears affirmatively from the allegations of a petition in trespass to try title by two plaintiffs that each plaintiff claims separately a segregated portion of the tract of land described, there is a misjoinder of parties plaintiff and of causes of action.

**3.—Dilatory Plea—Practice—Jurisdiction.**

The fact that exceptions raising the question of misjoinder of parties plaintiff and causes of action, were not passed on at the term of court at which they were filed, would not deprive the court of jurisdiction to pass on them at a subsequent term, and such action will not be revised in the absence of anything in the record to show that there was no agreement to postpone the hearing of the exceptions; or that the judge abused his discretion in so doing; or that any objection was made in the trial court to the action of the court.

Appeal from the District Court of Anderson County.   Tried below before Hon. B. H. Gardner.

*John T. Garrison,* for appellants.—Where there is a common tract of land described and a trespass is alleged on the whole of said tract, and one designated half of same belongs to one party and the other half to another, the two owners, under our rules, are entitled to bring a common suit against the adverse claimant or trespasser, setting up their respective interests.   Townes' Texas Pleading, 182, 190, 205.

A plea in abatement of this character must be called to the attention of the court at the first term when filed, or same is waived. Sayles' Rev. Civ. Stats., arts. 1268 and 1269; Townes' Texas Pleading, 351; Howard v. Britton, 71 Texas, 286.

*Thos. B. Greenwood,* for appellees.—The appellants are not in a position to ask this court to revise the rulings of the trial court in sustaining appellees' exceptions to the original petition of appellants and Clinton Cartwright, because the record shows that appellants acquiesced in the ruling of the court on appellees' exceptions and voluntarily dismissed their suit for the only portion of the 1,110 acres in which they were interested; and that thereafter the case was tried and finally disposed of upon an amended original petition, to which appellants were not parties, and which asserted title to land in which appellants have and had no interest.   Anderson v. Walker, 49 S. W., 946; Boyd v. Kimbell, 21 Texas Civ. App., 6.

It must be presumed, in support of the action of the trial court, either that the business of the court would not sooner permit of a ruling upon the exceptions, or that they were passed by agreement of the parties with the consent of the court, since every presumption in support of the correctness of the court's ruling, consistent with the record, is to be indulged.   Batt's Texas Civil Stats., arts. 1268, 1269; Rules for the District and County Courts, Nos. 24, 25; International & G. N. R. Co. v. Newburn, 94 Texas, 310; Behrens Drug Co. v. Hamilton, 92 Texas, 284; Riddick v. Bryant, 16 Texas Civ. App., 241; Lottman v. Houston Waterworks, 38 S. W., 358; Hartford Fire Ins. Co. v. Shook, 35 S. W 737.

Appellees' exceptions were properly sustained, because plaintiffs' petition presented a misjoinder both of causes of action and of parties. Allen v. Read, 66 Texas, 14, par. 6, syllabus and page 21; Paschal v. Dangerfield, 37 Texas, 273, par. 3, syllabus and page 300; O'Neal v. Lockhart, 2 Texas U. C. C., 597-599; Blum v. Goldman, 66 Texas, 621, 622; Texas & P. Ry. Co. v. Beauchamp, 2 Texas App. Civ., 175; Hartford Fire Ins. Co. v. Post, 25 Texas Civ. App., 428.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by W. G. Sharp and wife and Clinton Cartwright against the appellees to recover a tract of 1,110 acres of land on the Everett Ritter survey in Anderson County. Plaintiffs' petition alleges that Ella Sharp is the owner of the south half of the tract described in the petition, and that plaintiff Clinton Cartwright owns the north half of said tract.

The defendants excepted to this petition on the ground of misjoinder of parties plaintiff and of causes of action. These exceptions were not heard until several terms of the court had passed after they were filed. Upon the hearing of the exceptions they were sustained by the trial court. Plaintiffs Sharp and wife excepted to this ruling, and then announced that they would take a nonsuit without prejudice to their title to the land or any right of action they might have therefor. This nonsuit was allowed by the court, and thereupon said plaintiffs dismissed their suit for the south half of the land. The cause was then continued, and the plaintiff Cartwright and all of the defendants were granted leave to amend. At a subsequent term of the court the executrix of the will of Clinton Cartwright, who had died in the meantime, and the guardian of said Cartwright's sole heir, made themselves parties, and by an amended petition sought to recover the north half of the 1,110-acre tract. Upon the trial of the case thus made, appellants not being parties to the suit, judgment was rendered in favor of the plaintiffs. This judgment was rendered on January 4, 1909, and recites that the suit of appellants for the south half of the land had been previously dismissed by an order of the court made and entered on January 28, 1908. From this judgment appellants seek to prosecute this appeal.

From the foregoing statement it is apparent that appellants were not parties to the judgment appealed from, and have no interest in the subject matter thereof. If they had moved to reinstate their suit for the south half of the land on the ground that the court erred in sustaining the exception to the petition, and thereby forcing them to take a nonsuit, and such motion had been overruled, they might have prosecuted an appeal from the judgment of dismissal. But, having acquiesced in the ruling of the court and dismissed their suit for the portion of the land claimed by them, they had no further interest in the suit which was thereafter prosecuted to final judgment between their original coplaintiffs and the defendants, and have no right to appeal from the judgment in said suit. (Huston v. Berry, 3 Texas, 235; Easterling v. Blythe, 7 Texas, 213.)

If appellants had fixed and preserved their right of appeal from the ruling of the trial court sustaining defendants' exceptions to their

pleading and dismissing their suit, and the question of the correctness of such ruling was properly before us, the ruling should be sustained. There is no community of interest shown by the plaintiffs in the tract of land described in the petition, but, on the contrary, the allegations of the petition affirmatively show that each plaintiff claims separately a segregated portion of said tract. Appellants make no claim to any interest in the north half of the tract, and their coplaintiffs claim no interest in the south half. We think it clear that this was a misjoinder of parties plaintiff and of causes of action, and the trial court correctly sustained defendants' exceptions to the petition on these grounds. (Allen v. Read, 66 Texas, 21; Punchard v. Delk, 55 Texas, 304.)

The fact that these exceptions were not presented to the trial court at the term of the court at which they were filed did not deprive the court of jurisdiction to pass upon them at a subsequent term, and there is nothing in the record which would authorize a holding that there was no agreement that the hearing of the exceptions could be postponed, or that the judge abused his discretion in hearing and passing upon them at a term subsequent to that at which they were filed, nor does it appear that any objection was made by the appellants in the court below to the action of the court in hearing the exceptions at the time they were presented and passed upon.

If appellants were entitled to be heard on this appeal, none of their assignments could be sustained and the judgment of the court below should be affirmed.

From what we have said as to appellants' right to prosecute this appeal it would seem that the proper disposition to make of the case would be to dismiss the appeal, but as we have examined the record and find no error in the proceedings, and a correct result is reached by an affirmance of the judgment of the court below, our order to that effect heretofore entered will not be disturbed.

*Affirmed.*

Writ of error refused.