CLEGG et al. v. TEMPLE LUMBER CO.
(No. 212.)

(Court of Civil Appeals of Texas. Beaumont. May 18, 1917. Rehearing Denied June 6, 1917.)

1. ACTION ⊛⇒50(3)—JOINDER OF CAUSES—RECOVERY OF PROPERTY.

Parties claiming separately segregated parts of a survey cannot join in an action to recover such land.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 514–523.]

2. PARTIES ⊛⇒14—JOINDER OF PLAINTIFFS—SEPARATE DEMANDS.

Where all plaintiffs in suit to recover land asked for cancellation of a former judgment against them and for repossession of their respective separate tracts, and one plaintiff also asked damages, there is a misjoinder of parties plaintiff, since they have separate demands and stand in different relations to the defendants.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 13, 16, 17½.]

3. PARTIES ⊛⇒25—JOINDER OF DEFENDANTS.

Where a petition to recover land sought cancellation of a judgment, recovery of several distinct tracts, and damages against one defendant, there is a misjoinder of parties defendant, since the cancellation of the judgment is separate from the damage relief sought.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 31, 36–40.]

4. APPEAL AND ERROR ⊛⇒766—BRIEFS—FAILURE TO OBSERVE RULES.

An appellant's brief, violating the rules of the Court of Civil Appeals, will not be considered, except generally, though no objection has been urged against it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3101, 3126.]

5. JUDGES ⊛⇒42 — DISQUALIFICATION — PECUNIARY INTEREST.

Where a district judge acquired land before suit involving its title was filed, and disposed of it before the case was tried, he had no such immediate and direct interest as disqualified him from trying the case, even if he conveyed his interest by general warranty deed.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 190–200.]

6. APPEAL AND ERROR ⊛⇒991—REVIEW—DISQUALIFICATION OF JUDGE.

Where a district judge, on objection that he was disqualified, determined that he had jurisdiction of an action, the Court of Civil Appeals will not disturb his decision, unless manifest error appears.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3896–3899, 3912, 3913.]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Suit by W. E. Clegg and others against the Temple Lumber Company and others. Judgment for the named defendant, and plaintiffs appeal. Affirmed.

E. P. Padgett, of Hemphill, for appellants. W. F. Goodrich, of Hemphill, and Minor & Minor, of Beaumont, for appellee.

BROOKE, J. The appellants herein, plaintiffs below, brought suit against the appellee, seeking, among other things, in their last petition, filed August 17, 1916, to recover three several tracts of land in the Owen H. Lindsey one-fourth league in Sabine county, Tex., alleging that one W. E. Clegg owns one specific tract of 67¼ acres; that four other plaintiffs, J. H. and Davis Clegg, Mrs. Minnie Boyett, and Mrs. Beatrice Force, own another specific tract of 67¾ acres; and that another plaintiff, J. O. Davidson, owns another specific tract of 67¼ acres. The petition does not show any common interest or privity between the plaintiffs, but, on the contrary, shows there is none such. It will, perhaps, be well to set out the said petition in full, it being as follows:

"(1) Now come the plaintiffs, W. E. Clegg, J. H. Clegg, and J. O. Davidson, who reside in Sabine county, Texas, and Davis Clegg, residing in San Augustine county, Texas, Mrs. Minnie Boyett, surviving widow of John Boyett, deceased, residing in Trinity county, Texas, Mrs. Beatrice Force, joined by her husband, Tom Force, of Sabine parish, state of Louisiana, hereinafter styled plaintiffs, complaining of the Temple Lumber Company, a corporation duly incorporated under and by virtue of the laws of the state of Texas, with John F. Adams as its general manager, and R. E. Hybarger, residing in Sabine county, Texas, upon whom service may be had, H. J. Solly, sheriff of Sabine county, Texas, residing in Sabine county, J. O. Toole, who is the privy of A. T. L. Bobbitt, J. W. Crouch, J. H. Crouch, A. A. Gary, Mrs. Alice Gary, and G. A. Gary, who reside in Sabine county, Texas, W. K. Eddy, D. Z. Eddy, and W. B. Powell, pendente lite purchaser and privy of D. E. Renfro and H. W. Sublett, residing in Jasper county, Texas, and H. W. Sublett, who resides in San Augustine county, Texas, hereinafter called defendants.

"(2) For cause of action plaintiffs allege that on the 12th day of April, A. D. 1905, and for many years prior thereto, and until this date, W. E. Clegg is the true and lawful owner in fee simple, and was, before March 17, 1914, living upon and cultivating yearly 30 acres of the following described land: Being a portion of the O. H. Lindsey one-fourth league of land in Sabine county, Texas, beginning at the southwest corner of said Lindsey headright [then follow the field notes], and containing 67¼ acres of land. The following portion of said Lindsey headright being the property of and belonging

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in fee simple to J. H. Clegg, Davis Clegg, W. E. Clegg, Mrs. Minnie Boyett, and Mrs. Beatrice Force, as the surviving heirs of James A. Clegg, deceased, and A. T. Perry, a pendente lite purchaser, to wit: 67¾ acres described as follows: [Then follow the field notes of that 67¾ acres.] The following described portion of said Lindsey headright belongs in fee simple to J. O. Davidson, being 67¼ acres: [Describing that 67¼ acres], the property in fee simple of J. O. Davidson.

"(3) Plaintiffs further represent to the court that they each had good and perfect title to their land above described by a chain of title emanating from the state of Texas, by the deeds and heirship as well as by the three, five, and ten year statute of limitation under and by virtue of the laws of the state of Texas.

"(4) Plaintiffs further represent to the court that on the 12th day of April, 1905, W. H. Sublett filed his suit in trespass to try title in the district court of Sabine county, Texas, being No. 1557 on the civil docket of said court, styled 'W. H. Sublett v. D. E. Renfro et al.,' the defendants of said cause being D. E. Renfro, W. K. Eddy, and D. Z. Eddy, of Jasper county, Texas, J. O. Toole, A. A. Gary, Alice Gary, James H. Clegg, John H. Clegg, W. E. Clegg, J. W. Crouch, J. H. Crouch, A. T. L. Bobbitt, and J. O. Davidson, of Sabine county, Texas. On April 1, 1907, W. B. Powell purchased, pendente lite purchaser, the title of the defendant D. E. Renfro, and thereby became a party defendant, bound by the judgment and liable for costs of suit, although not made a party defendant of record; and on April 27, 1907, W. B. Powell purchased pendente lite the title and interest of the plaintiff H. W. Sublett, and thereby became a pendente lite plaintiff, bound by the judgment and liable for the cost of suit, although not a party of record to said suit—the land sued for and described in cause 1557 being the one-quarter league survey of Owen H. Lindsey, in Sabine county, Texas, and containing one-fourth of a league of land, which is fully described in the petition in cause 1557, to which reference is made. All of the defendants were duly served in cause No. 1557.

"(5) Plaintiffs further represent to the court that each of them were defendants in cause No. 1557, they well knew that W. B. Powell, the presiding judge of said district court was the pendente lite purchaser of the defendant D. E. Renfro in cause No. 1557, and thereby bound by the judgment and liable for the cost of suit, which interest as a matter of law would disqualify him as judge to try said cause, although no party of record therein. They well knew that on the 27th day of April, A. D. 1907, the said W. B. Powell, then presiding judge of said district court, purchased the title and interest of H. W. Sublett, the plaintiff in cause No. 1557, and by said purchase became pendente lite plaintiff, bound by the judgment and liable for the cost in the said cause No. 1557, although the said W. B. Powell was not a party of record in said suit. Although the said W. B. Powell was wholly disqualified to preside as such district judge and try said cause, on the 20th day of September, A. D. 1907, the said W. B. Powell, presiding as judge of said court, in open court called said cause 1557, and against the protest, will, and wishes of plaintiffs herein, who were defendants in cause No. 1557, and he, the said W. B. Powell, tried said cause as presiding judge, directing the jury to return their verdict for the plaintiffs, H. W. Sublett and D. E. Renfro, and rendered his judgment for said plaintiffs. A copy of said verdict and judgment is hereto attached and made a part of this petition, in Exhibit A, to which reference is prayed as often as may be necessary, which verdict and judgment the defendants say was and is at this time, and was at the time it was rendered, an absolute nullity and void upon its face for the purpose, as a matter of law

and fact, for the reason that the said W. B. Powell, who presided as judge of said district court in and upon the trial of said cause 1557, was wholly disqualified to preside as such judge in and upon the trial of said cause, for the following good and legal reasons as a matter of law and fact, to wit:

"First. On the 1st day of April, 1907, while the said W. B. Powell was judge of said district court, by purchasing title of the defendant D. E. Renfro, taking his written deed thereto, he, the said W. B. Powell, became "interested" as pendente lite purchaser defendant, bound by the judgment and liable for the cost, although not a party of record to the suit then pending in said court.

"Second. On April 27, 1907, when said cause 1557 was pending on the civil docket of said district court and the said W. B. Powell was judge of said court, he purchased all of the right, title, and interest of the plaintiff, H. W. Sublett, and thereby became an 'interested' plaintiff by his pendente lite purchase, bound by the final judgment, and liable for the cost in said cause 1557, although not a party of record thereto, which interest wholly disqualifies him, the said W. B. Powell, to try said cause, directing the verdict for the plaintiffs, and in his judgment therein as district judge of said court.

"Third. The verdict and judgment above referred to in cause 1557 is an absolute nullity, and void as matter of law and fact, in this: On April 1, 1907, while the said W. B. Powell was then judge of said district, well knowing that said cause would come before him for trial, and that he would try the same, he purchased the undivided half interest of the said Renfro in said quarter league of land and paid him less than $500 for said land, and then and there took his (Renfro's) warranty deed to him (Powell), expressing in the face of said deed the sum of $2,000 as the cash consideration paid therefor, and on or about the 16th day of April, 1907, he (Powell) sold said land purchased from Renfro and conveyed the same by his written warranty deed to Banks Griffith & Son for an actual cash consideration of $2,500, thereby realizing a profit to himself of $2,200.

"Fourth. On the 23d day of April, 1907, while said cause 1557 was pending on the civil docket of said district court of Sabine county, Texas, he, W. B. Powell, judge thereof, well knew all of the facts connected with said cause and the subject-matter thereof, conspired with the said H. W. Sublett, plaintiff therein, and by said combination and conspiracy, to defraud these plaintiffs, who were defendants in cause No. 1557, they (Powell and Sublett) well knowing that Powell had purchased Renfro's interest in said land, the res in said cause, and that he would try said cause as judge of said court, he (Powell) purchased Sublett's interest, paying $1,800 and taking his quitclaim deed claim of conveyance, and four days thereafter Powell conveyed by his warranty deed the same land to Banks Griffith & Son for $2,000 in actual cash, thereby utilizing a profit to himself of $400 and then in the aggregate of $2,400 a profit to him, the said W. B. Powell, while judge of said court, which 'interest,' as above stated, amounted to a legal conclusion, combine, and conspiracy between Powell, Sublett, and Banks Griffith & Son to defraud these plaintiffs, who were defendants in cause No. 1557, and thereby disqualify the said Powell as district judge to try said cause No. 1557, and his judgment rendered therein was an absolute nullity.

"Fifth. As an evidence of said combination, conclusion, and conspiracy between the said Powell, Sublett, and Renfro to defraud these plaintiffs after Powell had become pendente lite purchaser of Renfro, defendant, and Sublett, plaintiff, he (Powell), while presiding judge on said cause, stated on his own motion that the title of D. E. Renfro, defendant, would be joined with that of plaintiff, and that plaintiffs

would be Sublett and Renfro, and that plaintiffs would rely on both of their titles combined for recovery; he well knowing at the time neither Sublett nor Renfro had any title whatever to the subject-matter of said suit, they having sold to him, that he was a pendente lite purchaser, bound by the judgment and liable for the cost.

"Upon the trial of said cause the said Powell, while presiding judge, held without the slightest proof of the payment of the purchase money by Renfro, that he was a bona fide purchaser as against the title held by defendants in cause 1557, who are plaintiffs in this cause; and when the defendants offered to prove their title by limitation, the said Powell, presiding judge of said court, made the following statement from the bench: 'I further understand this chain of title and the defendants are cotenants with Renfro, and no limitation could run in their favor.' And the above conduct of said W. B. Powell constituted such legal conclusion in spirit and cause against these plaintiffs, who were defendants in cause No. 1557, as to render said judgment a nullity and totally void.

"(6) Plaintiffs, well knowing said judgment was nullity, held their lands herein claimed on September 20, 1907, until on or about March 14, 1914, when the Temple Lumber Company, defendant herein, although it well knew that said judgment was an absolute nullity and void upon its face by reason of the facts herein stated, caused a writ of possession to issue, based upon said void judgment, and caused the same to be placed in the hands of H. J. Solly, sheriff of said county of Sabine; and the original petition herein was filed by them on or about the 17th day of March, 1914, praying for the cancellation of said judgment and granting of a permanent injunction and restraining order against the enforcement of the same.

"(7) Plaintiff W. E. Clegg represents to the court that he had cleared and fenced a field containing 30 acres or more of the land described as his property herein, and had the same nearly cleared, with an excellent rail fence around the same, which field was in a high state of cultivation and the rental value of said field was $250 per year; that by means and in the manner hereinafter stated and set forth the defendants Temple Lumber Company and H. J. Solly have deprived him of the right to cultivate the said field for three years, the same being the years 1914, 1915, 1916, thereby damaging him in the sum of $250 per year, making an aggregate sum of $750, being the rental value of his said field.

"(8) Plaintiff W. E. Clegg further represents to the court that during the three years, 1914, 1915 and 1916, since he has been dispossessed and deprived of the right to care for the fencing around his said field, the same has been neglected, fell down, washed, and carried away, and destroyed in such a manner that it will take $50 to replace it in as good condition as it was at the time defendants Temple Lumber Company and Solly dispossessed him of it, and said defendants have thereby damaged him in the sum of $50 by their wrongful acts in dispossessing him and neglecting and refusing to keep said fence in good repair.

"(9) Plaintiff W. E. Clegg further represents to the court that during the three years 1914, 1915 and 1916, since he has been deprived of the right to care for his field as above stated, the same has been neglected by the defendants Temple Lumber Company and H. J. Solly, so that a large quantity of large bushes and briers have been allowed and permitted by the wrongful acts and negligence of said defendants above last named, so that to clear off said field and put the same into as good tillable condition as it was when he was dispossessed of it will be worth $100, so that it is these defendants, Temple Lumber Company and H. J. Solly, have injured and damaged this plaintiff $100 in the manner and by the means above stated.

"(10) Plaintiff W. E. Clegg further represents to this court that he is in this case as matter of law and fact entitled to recover exemplary and punitive damages against the defendant Temple Lumber Company in the sum of $10,000, in this to wit: (1) On or about the 1st day of March, 1914, plaintiff was in actual possession of his field, had his fence nicely and neatly repaired around it, and the ground nicely plowed and broken and ready to plant his crops, when the defendant Temple Lumber Company, by its agents, servants, and employés, without the slightest authority of law, attempted to cut down and tear down his said fence from around his field and dispossess him of the same, by building some kind of wire fence around the same, so as to exclude and prevent him from cultivating his field, which attempt was committed in the most wrongful, fraudulent, and oppressive manner, in this: A large number of agents, servants, and employés of said Temple Lumber Company came to his said field with tools and material, and without any notice or warning to this plaintiff, they began in the most deliberate manner, to remove his said fence, and they thereby compelling him to desist by said force and attempt. Defendant Temple Lumber Company, then well knowing and being fully advised that the verdict and judgment in cause 1557, styled 'H. W. Sublett v. D. E. Renfro et al.,' was a nullity and absolutely void on its face, for the reason and facts set out in this petition, all of which being of record in said deed and other public records of Sabine county, Texas, did apply to the clerk of said district court and maliciously caused a writ of possession to issue, based upon said void judgment, and placed the same in the hands of H. J. Solly, sheriff, and accompanying him again of the agents, servants, and employés of the Temple Lumber Company, and in the most deliberate and oppressive manner, unlawfully and violently, with a total disregard of the rights of this plaintiff, tore down and removed his said fence, and placed a pretended wire fence around said field, and dispossessed said plaintiff, and in a most dictatorial and vindictive manner forbid his re-entry, and in a manner and by the malicious and tortious means and acts above and heretofore set forth in this petition said defendant Temple Lumber Company became liable to this plaintiff for exemplary and punitory damages in the sum of $10,000, for which sum plaintiff asks verdict and judgment against the defendants Temple Lumber Company and H. J. Solly, to deter them from repeating said wrongful acts and as a warning to other wrongdoers.

"(11) Plaintiff herein prays that defendants W. B. Powell, H. W. Sublett, and G. A. Gary be cited to appear and answer herein, all of the other defendants having been cited, for judgment and decree of the court canceling said void judgment in cause 1557, styled 'H. W. Sublett v. D. E. Renfro et al.,' that they be repossessed of their lands herein described; that upon the trial of this cause the issue in cause No. 1557, styled 'H. W. Sublett v. D. E. Renfro et al.,' be made, and each of said causes be submitted to the jury for their final verdict in both cases, for their costs, and such other and further relief in law and equity as they may be entitled to. Plaintiff W. E. Clegg prays for verdict and the judgment for his actual damage in the sum of $900, as herein stated, and his exemplary and punitory damages in the sum of $10,000, for his costs of suit, and for such other and further relief in law and equity as he may be entitled to," etc.

The appellee Temple Lumber Company excepted specially to the petition, on the ground of "misjoinder of parties" having no common interest or privity between each other. This special exception No. 1 to the petition was sustained.

All of the plaintiffs pray for the cancellation of a former judgment in the case of Sublett v. Renfro, and each prays for the repossession of their respective several tracts, while the plaintiff W. E. Clegg alone prays for actual and exemplary damages in addition. The defendant Temple Lumber Company excepted especially on the ground of—

"misjoinder of parties plaintiff in said suit, in this: That the plaintiffs stand in different relations to, and have separate demands against, the defendants; there being no mutuality of interest between the plaintiffs in the subject-matter or in the remedy."

This special exception No. 2 was sustained.

The defendant further excepted specially to the petition, on the ground that there is a misjoinder of parties defendant, in this:

"It seeks to cancel the judgment in No. 1557, H. W. Sublett v. D. E. Renfro et al., and to recover several distinct tracts of land, and in addition it seeks to recover damages, actual and exemplary, from the Temple Lumber Company, as to which last cause of action it does not appear from said petition that there was any common design, purpose, concert, or joint action on the part of the other defendants, but, on the contrary, it clearly appears from the petition that the remedy sought by the plaintiffs in the cancellation of said judgment is distinct from the remedy sought in damages against the defendant Temple Lumber Company, there being no connection between the Temple Lumber Company and the other defendants as to that last cause of action, and for the recovery of damages it appears that the Temple Lumber Company can only be sued in a separate action thereafter."

This special exception No. 3 was sustained.

The defendant further excepted specially that:

The "petition alleges no facts sufficient either in law or in equity for the cancellation of said judgment in cause No. 1557, entitled 'H. W. Sublett v. D. E. Renfro et al.'"

This special exception No. 4 was sustained.

The defendant further excepted specially:

"That the plaintiffs' suit to set aside and cancel the judgment in cause No. 1557, entitled 'H. W. Sublett v. D. E. Renfro et al.,' is barred by the statute of limitation of the state of Texas of four years, in this: 'It appears from said petition that said judgment was rendered by this court on September 23, 1907, and plaintiffs' original petition in this present case was not filed until March 21, 1914, a period of six years after the rendition of said judgment complained of."

This exception No. 5 was overruled.

There was a further special exception to the effect that the plaintiff W. E. Clegg's claim for the recovery of rental damages and for damages to his fencing and for damages to his field are barred by the statute of limitation of two years of the state of Texas. This special exception No. 10 was overruled.

Plaintiffs declined to amend, the respective parties duly excepted, and the plaintiffs appealed. The defendant Temple Lumber Company assigns cross-errors, filed in the lower court, as to the action of the court in overruling their special exceptions Nos. 5 and 10, above set out.

It is claimed by the appellants that the petition was good as against the demurrers, in that it alleged that Judge Powell was disqualified by reason of being an interested party, stating how he was interested, and that the judgment was void by reason of his interest and collusion with the other parties who were plaintiff, and that the plaintiffs in this suit were parties interested in having said judgment set aside, being parties to said judgment, and then stated their interest in having said judgment set aside, by describing the several distinct tracts of land which were covered by said judgment; that they had a meritorious defense in cause 1557, by having a perfect legal title to the land, describing the title; that they were deprived of making the said defense in said cause, by reason of the unlawful act of the disqualified Judge Powell—and prayed that said judgment be set aside and canceled. They seriously insist that the judgment of the court was erroneous in dismissing plaintiffs' petition, and that the same should be reversed.

On the other hand, it is contended that the court below did not err in sustaining defendant's first special exception, for the reason that W. E. Clegg seeks to recover one specific tract of 67¼ acres, four other plaintiffs, J. H. Clegg, Davis Clegg, Mrs. Minnie Boyett, and Mrs. Beatrice Force, seek to recover another specific tract of 67¾ acres, and another plaintiff, J. O. Davidson, seeks to recover another specific tract of 67¼ acres—it not appearing that there is any common interest or privity between them as to these separate tracts of land; it appearing that they are several owners of distinct parcels; it further appearing that, though holding each distinct parcels, they seek to maintain a joint action; it also appearing that each of them has a separate demand against the defendants, and that they each claim separately a segregated part of the Owen H. Lindsey survey.

[1] It has long been decided by the courts of this state that, in so far as special exception No. 1 is concerned, the contention of appellee is correct. The following cases hold as much: O'Neal v. Lockhart, 2 Posey, Unrep. Cas. 597; Paschal v. Dangerfield, 37 Tex. 273; Wachsmuth v. Sims, 32 S. W. 821, 823; Stewart v. Gordon, 65 Tex. 344; Curry v. York, 3 Tex. 357, 359; Ford v. Sutherland Land Co., 159 S. W. 876; Sharp v. Johnson, 60 Tex. Civ. App. 176, 127 S. W. 837. Therefore we are of opinion that there is no merit in this assignment, and the same is in all things overruled.

[2, 3] It may be said, with reference to special exception No. 2, and the other exceptions sustained by the trial court, that the contention of appellee is correct. It is contended by the appellants that the mutuality of the plaintiffs in this suit consists in having the judgment in cause 1557, entitled "H. W. Sublett v. D. E. Renfro et al.," set aside, and in having said cause tried together with this cause, and upon the trial of same and upon the pleadings in that cause, if the jury

should find that the judgment could be set aside, then they render verdict for defendants in the cause, who are plaintiffs in this cause, repossessing them of the land claimed.

[4] In this connection it may be said that appellants' brief is wholly obnoxious to the rules laid down for briefing causes in this court, and, while no objection has been urged as to the consideration of the same, this court will not consider the same, except generally. The petition itself shows by analysis the following allegations of fact upon which the prayer for cancellation of the judgment is based:

The filing of suit No. 1557 on April 12, 1905; due service on all of defendants; the purchase by Judge W. B. Powell on April 1, 1907, from the plaintiff H. W. Sublett of one-half of the survey in suit, and on April 23, 1907, of the other half from the defendant D. E Renfro; the knowledge when the case was tried on September 20, 1907, by the plaintiffs in the present suit, who were defendants in 1557, of the fact that such purchases by Judge Powell, which fact they alleged in the instant suit disqualified him; the trial of said cause 1557, over their protest; the rendition of a directed verdict for the plaintiffs, defendant Renfro having been made a coplaintiff with Sublett, and a judgment on such verdict; the sale and conveyance by Powell by a written warranty deed on April 6, 1907, of the interest purchased by him from Renfro, and on April 27, 1907, of the interest purchased by him from Sublett, both deeds being to Banks Griffith & Son, and by reason of these facts Powell became a pendente lite purchaser, bound by the judgment and liable for the costs in cause No. 1557; that therefore the judgment in cause No. 1557 was a nullity.

It is certain from this petition that Powell had no interest in the land when the suit was filed, nor when it was tried. The allegations in the petition of "collusion, combination, and conspiracy between Powell, Sublett, and Banks Griffith & Son to defraud these plaintiffs, who were defendants in cause No. 1557," and like allegations scattered through the petition, are obviously mere legal conclusions of the pleader, and not allegations of fact. Powell owned no interest in the land involved in suit No. 1557 when it was filed, but acquired the land afterwards, and before the trial had sold the land and severed his connection with it. By reason of the facts as alleged in the petition it is contended that Powell was disqualified to sit as a judge in the trial of said cause. We are not cited to any case in our state that seems to cover the facts in the instant case, and, whatever might be said as to the propriety or the ethics of the action of Powell in sitting as a judge in said cause, the decisions in cases somewhat similar in character and of sound reason indicate that there is no merit in the contention of appellant.

The case of Nicholson v. Showalter, 83

Tex. 99, 18 S. W. 326, was a case of a failing corporation in the hands of a receiver. The judge had owned stock in it and was an officer. Before the trial he sold his stock and severed his connection with the management. The corporation was also indebted to him, but the debt was paid before the judgment. It was held that the payment of the debt, made for the purpose of removing the disability, would not affect the result. "If it could be admitted that a judge cannot sit in a suit of another person for debt against a debtor who at the same time was owing the judge, such disqualification would cease to exist upon the payment of the debt to the judge, or when the debt was transferred without recourse."

In City of Oak Cliff v. State, 97 Tex. 391, 79 S. W. 1068, the Supreme Court held that Chief Justice Gaines was not disqualified because he was a property owner and taxpayer in Dallas. The court said:

"'The interest which will disqualify a judge must be direct and immediate and not contingent and remote.' * * * We think the rule may be stated negatively in this form: 'That where a judicial officer has not so direct an interest in the cause or matter as that the result must necessarily affect him to his personal or pecuniary loss or gain, * * * then he may sit.'"

See, also, City of Dallas v. Peacock, 89 Tex. 63, 33 S. W. 220; Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63; Ferris v. Streeper, 59 Tex. 312; Winston v. Masterson, 87 Tex. 200, 27 S. W. 768.

[5] It seems that Powell was never a party to cause No. 1557, nor could costs be taxed against one not a party, nor in cause No. 1557 were they so taxed. Powell acquired the land after suit No. 1557 was filed, as heretofore stated, and, having sold it before that case was tried, we are of opinion that he was not disqualified to try the case, for the reason that, even if it were true, as it was not, that he sold the land with a general warranty deed, he had no such immediate and direct interest in the cause or matter as that the result would necessarily affect him to his personal or pecuniary gain or loss.

[6] The plaintiffs in the instant case alleged that Judge Powell conveyed the land by warranty deed. However it was not a general warranty, but a special warranty. See Taylor v. Williams, 26 Tex. 583; McFaddin v. Preston, 54 Tex. 403; McInnes v. Wallace, 44 S. W. 537; Heinlen v. Heilbron, 97 Cal. 101, 31 Pac. 838. The judge determined his own jurisdiction in said cause No. 1557, and without manifest error the same would not be disturbed. Childress v. Grim, 57 Tex. 56.

In addition to the above, it is contended that the fact that Powell acted in the trial of the case of cause No. 1557 must be held conclusive that in his own opinion, at least, he was competent to act, and that, in such a case, he who would attack the judge's

right to act therein must show his disqualification by alleging facts of a positive and unequivocal character, for the presumption which attaches to the integrity of an act performed by a judge under official oath cannot be overcome by inferences or conjecture; hence the allegations in the petition here that Judge Powell conveyed the land by "his warranty deed" cannot be construed as equivalent to an allegation that he made the conveyance by a general warranty deed, for that would be a mere inference and conjecture, and the pleadings of a party must be taken most strongly against the pleader.

We have examined the record carefully, and are of opinion that the suit, as filed by the plaintiffs in the court below, cannot be sustained; that the exceptions were well taken, save and except those with reference to the statute of limitation, and inasmuch as that question is not necessary to be decided in this cause, neither is it necessary to its adjudication, we pretermit a discussion of the said cross-assignments.

Being of the opinion that the action of the court below was correct, and that the plaintiffs were not entitled to recover upon the petition as filed, and that the same was subject to the exceptions sustained by the lower court, that judgment is in all things affirmed