**DAVIS, Agent, v. WYLIE & JACKSON.**
(No. 2575.)

(Court of Civil Appeals of Texas. Texarkana. May 31, 1922. Rehearing Denied June 8, 1922.)

1. Bailment ⬅➡31(3)—Evidence of injury to goods held to support judgment for plaintiff.

Where, in an action for damages, evidence that owners delivered cotton in good condition to defendant for immediate shipment, that defendant's negligent exposure of it to the weather made reconditioning necessary, and the number of pounds lost from the reconditioning, *held* to support a verdict for plaintiff, based on the number of pounds lost multiplied by the market price.

2. Judges ⬅➡42—Mere possibility of liability, which must be established in another suit, held not to disqualify trial judge.

Where no issue was raised during the trial as to the presiding judge's liability, a mere possibility of liability, which must be established in another suit, does not disqualify him.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by Wylie & Jackson against James C. Davis, Agent. Judgment for plaintiffs, and defendant appeals. Affirmed.

McMahon, Jones & Jones, of Greenville, and Terry, Cavin & Mills and O. B. Wigley, all of Galveston, for appellant.

H. L. Carpenter, of Greenville, for appellees.

HODGES, J. Appellees sued the appellant to recover damages in the sum of $1,246.75 for the loss of some cotton. The appeal is from a judgment in their favor for $883.44.

[1] Appellees alleged and proved delivery at appellant's platform at Merritt, Tex., of three lots of cotton. The first consisted of 100 bales, the second of 85 bales, and the third of 55 bales. It is alleged that the cotton was negligently permitted to remain exposed to the weather, and in a situation to cause it to deteriorate for an unnecessary length of time, and that by reason of that condition it did deteriorate. When the cotton reached Dallas in the course of shipment, it was reconditioned, or "picked," and much of it was discarded as worthless. Appellees sue for what was lost in the weight of the cotton as the result of that process. Appellant contends in this appeal that the evidence is not sufficient to show that the appellees sustained any damage, or to show the extent of the damage, if any. Appellees proved delivery of the cotton in good condition for immediate shipment, its exposure to the weather, that the bales were stacked close together, some of them on the ground, a heavy rainfall at frequent intervals, and a delay of more than a month between the delivery of the cotton and its shipment. They also proved a loss from the reconditioning at Dallas. The number of pounds lost was ascertained by comparing the gin weights by which the cotton was bought and its weight after being reconditioned at Dallas. The pounds lost multiplied by the market price shown upon the trial formed the basis of the verdict rendered in the case. The evidence was, we think, sufficient to support the finding of the jury.

[2] Appellant also contends that the trial judge was disqualified. The record shows that appellees purchased the cotton from W. M. Kelly, who was engaged in the ginning business at Merritt. They sold the cotton to H. L. Edwards & Co., and guaranteed the weights. Kelly had guaranteed the weights to the appellees. The presiding judge, Hall, was interested with Kelly in the sale of the cotton. No issue was raised in the trial that in any way involves the liability of the presiding judge. The correctness of the gin weights is not questioned. The suit is for cotton which was lost, and the correctness of the weights, both before and after the reconditioning, is apparently conceded. The mere possibility of liability that requires some other litigation to establish it does not disqualify the trial judge. Dallas v. Peacock, 89 Tex. 58, 33 S. W. 220; Clegg v. Temple Lumber Co. (Tex. Civ. App.) 195 S. W. 646, and cases there cited.

The judgment is affirmed.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes